# Wheeling.

## CITY OF WHEELING *v.* HAWLEY.

Decided November 5, 1881.

1. H., a resident and citizen of the city of Wheeling was assessed with taxes for the years 1876 and 1877, and paid the taxes assessed. In the year 1878 in addition to the taxes for that year the assessor of the city in his assessment included taxes for the years 1876 and 1877 upon property omitted in the assessment for those years, with interest on the same HELD:

> That H. was liable for these omitted taxes under the statutes of the state and the ordinance of the city.

2. The municipal court of the city of Wheeling had jurisdiction of a suit to recover these omitted taxes brought by the city for that purpose under section 12, chapter 51, Acts of 1865. ·

Writ of error and *supersedeas* to a judgment of the municipal court of Wheeling, rendered on the 20th day of January, 1881, in an action in said court then pending, wherein the city of Wheeling was plaintiff and James L. Hawley was defendant, allowed upon the petition of said Hawley.

Hon. G. L. Cranmer, judge of the municipal court of Wheeling, rendered the judgment complained of.

The facts of the case fully appear in the opinion of the court:

*Ewing & Riley* for plaintiff in error cited the following authorities: Cooley on Taxation 300; *Id.* 529; *Id.* 209; 3 Gratt. 645; Dill. Corp. §§ 605, 606; Acts 1865 p. 62; 2 Kelly Rev. Stat. 1080 § 69; *Id.* 1054 § 10; *Id.* 1079 § 68; 52 N. Y. 434.

*William Erskine* for defendant in error cited the following authorities: Burr on Taxation § 105; *Id.* § 7; Dill. Mun. Corp. § 653 *et seq*; Cooley on Taxation 300; Acts 1865 p. 62; Acts 1867 p. 93; Dill. Mun. Corp. § 355, note 2; 19 Mich. 352; 11 Ia. 407; 1 Greenl. Ev. 10; 12 B. Mon. 25; Dillon § 605; Cooley Con. Lim. 55, 63; 84 Ill. 491; 52 N. Y. 434; 3 Gratt. 645; Cooley on Taxation 152; 10 Wis. 242.

PATTON, JUDGE, announced the opinion of the Court:

The city of Wheeling, a municipal corporation of the State of West Virginia, brought suit in the municipal court of Wheeling against James L. Hawley, to recover taxes claimed to be due it upon personal property belonging to said Hawley. The facts were agreed upon; and the case was submitted to the court in lieu of a jury. The court rendered judgment against the defendant for the sum of $373.06 with interest thereon from the 20th day of January, 1881, the date of the rendition of said judgment. From this judgment the defendant obtained a writ of error and *supersedeas* to this Court.

It appears from the facts agreed, that James L. Hawley, the plaintiff in error, was a resident and citizen of the city of Wheeling during the whole of the years 1876, 1877 and 1878, and was at the time of the institution of the suit a citizen and resident of said city; that he was assessed with taxes on personal property for the years 1876 and 1877, and paid the taxes; that in the year 1878 the assessor of said city, in addition to assessing him with the taxes for that year added to those taxes taxes for the years 1876 and 1877 upon personal property liable to taxation for those years, but which were omitted in assessing him for those years, with interest on the same.

The only question presented by the record is, whether the city of Wheeling is entitled to recover these omitted taxes for the years 1876 and 1877. It seems to me there can be no question on that subject. Section 12 of chapter 51, Acts of 1865, page 39, establishing the municipal court of Wheeling provides: "The said court shall also have jurisdiction without reference to the amount in controversy of civil suits and proceedings at law instituted to recover any taxes, debt or demand alleged to be due the said city, or to recover damages for breach of the condition of any bond made payable to the city, or to recover compensation for damage alleged to be done by the defendant to any property real or personal belonging to the city."

Section 1, chapter 72, of the Acts of 1865, page 62, provides: "The council of the city of Wheeling shall have authority under such regulations, as they may prescribe by ordinance, to assess, levy and collect an annual tax for the use

of the city on personal property in the city, not to exceed in any year fifty cents on every hundred dollars of the assessed valuation thereof ; and the words ' personal property ' shall be deemed to include all subjects of taxation, which the assessors acting under the laws of the state are or shall be by law required to enter on their personal property-books for the purpose of state-taxation."

Chapter 78, Acts of 1865, page 93, provides: " For the purpose of ascertaining the value of the real and personal property taxable in the city of Wheeling for municipal purposes the council of said city is hereby authorized to appoint from time to time, when they deem proper, an assessor or two or more assessors for the said city, or an assessor for every ward thereof, as to the said council shall seem fit, and to make such regulations respecting the assessment as shall not be inconsistent with the law of the state."

Section 69 chapter 54, p. 108, of the Acts of 1875, provides: "If the assessor discover that any taxes on personal property were omitted in any former year, not exceeding five, he shall enter the same with interest thereon in his personal property book." This last provision is in reference to the assessment of taxes generally throughout the state, and does not refer specially to municipal assessments of taxes.

The council of the city of Wheeling had adopted an ordinance, which provides: "In ascertaining the value of and making returns of both real and personal property the said assessors shall be governed by the regulations and principles, so far as they are applicable, prescribed by the laws of the State of West Virginia in relation to the assessment of real estate and personal property for state-taxation."

The first error assigned by the counsel for appellant is, that the municipal court had no jurisdiction to try this case. It seems to me, that there can be no question of the jurisdiction of the court. The statute before quoted is plain : "The said court shall also have jurisdiction  *  *  *  *  of civil suits and proceedings at law instituted to recover any taxes  *  *  *  alleged to be due the city." This is a direct unequivocal grant of jurisdiction to that court to try cases, in which the city seeks the recovery of taxes claimed to be due to it. This act not only gives the court jurisdiction, but by implication gives the city the right to collect its taxes by suit.

It is also claimed that the provision of section 69 chapter 54 p. 108 of the Acts of 1875 does not give the assessors throughout the state, much less the assessors of the city of Wheeling, the authority to list omitted personal property, but only authorizes assessors to extend omitted taxes, where the property had been listed in former years.   Doubtless the purpose of the statute was not to let any man escape from his share of the burdens of taxation, because by accident or design in any year he was not charged with the amount of taxation, to which he was liable on the property owned by him.   Taxation is required to be equal and uniform ; and there is no reason, that I can see, why the mere fact, that a man had from any cause escaped the charge of taxes for a given year, should release him from payment when the omission was discovered, or relieve him of his equal portion of the public burden, which should be borne by all alike. . It would offer a premium to dishonest returns of personal property for taxation to the assessing officer.   Many species of personal property, as was the case in this instance, are of that character, that the assessor must rely upon the honesty and good faith of the tax-payer in listing his property.   The law therefore requires the assessor to furnish the tax-payer with a blank list of the subjects of taxation, to be filled up under oath by the tax-payer.   This list the law requires the tax-payer to give to the assessor, but requires the blank form to be furnished by the assessor, if required by the tax-payer.   Acts of 1875, ch. 54 §§ 55, 56.

To give the construction to the statute contended for by the counsel of the plaintiff in error would be not only to violate in my opinion the plain letter of the statute, but cerainly its spirit and purpose, and would have the effect to offer a premium to the tax-payer to evade a proper return of his property for taxation.   The language of the statute is broad and comprehensive:   "If the assessor discover that any taxes on personal property were omitted in any former year,   *   *   *   *   he shall enter the same with interest   *   *   *   *   in his personal property book."   I can see nothing in the language and spirit of the statute, which would justify the construction contended for. If taxes for any former year are omitted, and the assessor discovers it, the party shall be charged with those taxes with

interest. This is just and reasonable; and it is evidently the plain purpose of the statute. While that statute refers to assessments throughout the state generally, the 78th chapter of the Acts of 1865 authorizes the council to make such regulations respecting the assessment, as shall not be inconsistent with the laws of this state; and the council in pursuance of that authority, adopted by its ordinance the provisions of the state-law so far as applicable for the guidance of its assessors.

It is also objected, that the act of the legislature conferring on the city the right to tax personal property is confined to personal property in the city, not to personal property owned by a resident of the city but not in the city; and that the presumption from the evidence in this case is, that the property alleged to have been omitted for the years 1876 and 1877 was not in but out of the city. The agreed facts show, that the assessor of the city discovered, that a large part of the property of the defendant had not been listed with him for those years by examining the returns of personal property made by Hawley to the county assessor for state and county taxation; and it was upon that information, that he in 1878 entered upon his book the taxes for those years. "Securities (including money) $35,500.00" for 1876, and "securities (including money) $4,300.00" for 1877. It would be sufficient to say, that money and securities follow the person; and Hawley being a citizen and resident of Wheeling, such money and securities would be considered as in the city with him for the purpose of taxation, wherever in fact they might be; •but in addition to this it was in the power of the plaintiff in error in the court below to have shown, that this money and these securities were not in the city, if that fact would have availed him; yet he neither proved nor offered to prove anything on that subject. No rule of law is better settled, than that a party having it in his power to prove a fact, if it exists, which, if proved, would benefit him, his failure to prove it must be taken as conclusive, that the fact does not exist. I think it was properly concluded by the court below, that the articles taxed were in the city for the purpose of taxation.

The judgment of the court below must be affirmed with costs.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.