# CHARLESTON.

### CRIM v. TOWN OF PHILIPPI, et al.

Submitted June 16, 1893.—Decided November 4, 1893.

1. INJUNCTION—TAXES.

Injunction is the proper remedy to prevent municipal officers from collecting taxes assessed against persons or property which the municipality has no legal right to tax. *Christie* v. *Malden*, 23 W. Va. 667.

2. ASSESSMENT.

Under the assessment laws of this state property and the valuation thereof, as ascertained for municipal assessments, in all municipalities of less population than ten thousand inhabitants should be identical with the property and values thereof ascertained for state, county and district assessments.

J. HOP WOODS, for appellee, cited 18 W. Va., 476; 27 W. Va. 16; 27 Gratt. 629; 22 W. Va. 268; Acts 1882, c. 120, s. 6; Rap. Cr. Pr. § 311; 26 W. Va. 41; 50 N. Y. 416; 8 Wend. 595; 24 N. Y. 298; 1 Stark. Ev. § *200; 1 Greenl. Ev. § 463; 1 Phil. Ev. §§ 433, 437; 1 Whar. Cr. Ev. §§ 483, 551, 552; 1 H. & M. 8; 6 W. Va. 107; 11 W. Va. 694; 22 W. Va. 356, Syll. 1; 24 W. Va. 383; High Inj. §§ 365, 366, 484, 485; Cool. Tax. (2nd Ed.) 762; 3 W. Va. 1, Syll. 4; 5 W. Va. 377; 15 W. Va. 597; 26 W. Va 588; 7 W. Va. 329; 5 W. Va. 234; 35 W. Va 458; High Inj. (1880) § 487; 24 W. Va. 615; 9 W. Va. 246; 16 W. Va. 527; 26 W. Va. 488; 28 W. Va. 698; High Inj. §§ 354, 362, 365, 391; 26 Wend. 132; 11 Wall 108; Cool. Tax (1886) 760, 762, 753, 758, 759, 747; 14 N. Y. 535; 48 N. Y. 513; 1 Kent Com. 83; 6 Am. & Eng. Ency. Law, Dom.; 30 Gratt. 718; 26 Am. Rep. 65; 32 Am. Rep. 117; 46 Am. Rep. 424; 100 U. S. 491; Code, c. 133, s. 13; 15 W. Va. 597.

W. T. ICE and DAYTON & DAYTON for appellants, cited:

I.—*Municipal Powers Strictly Construed.*—35 Cal. 215 (2 Am. Corp. Case, 63); 35 Cal. 699 (2 Am. C. C., 91); 25 Iowa, 163 (2 Am. C. C. 283); 4 Nev. 20 (2 Am. C. C. 599).

II.—*Equity Jurisdiction:*—(a) *Fraud on behalf of Officers.*—127 Ill. 27 (11 Am. State Rep. 90); 75 Ill. 294.   (b) Ultra vires *acts.* 23 W. Va. 667 ; Dill. Mun. Corp. (3d Ed.) § 922 ; 8 Eng. Chy. (4 Mylin & Craig 249).

III.—*Equity Jurisdiction not ousted by additional Statutory Remedy.*—16 W. Va. 527.

IV.—*Intangible property Taxable at domicile of owner.*–9 Am. S. Rep. 116 ; Jac. Law of Dom. § 51 ; Cool. Tax. 14, 15, 43, 269, 270 ; Desty Tax. Vol. 1. § 67 ; Bur. Tax. § 7; Whar. Conf. Law § 80 ; 132 Mass. 89. .

V.—*Domicile.*—34 Beav. 88; Jac. Dom. §§ 181, 183, 435, 437, 442, 448, 449.

VI.—*Municipality exceeding taxing power.*—23 W. Va. 667 ; Code, c. 47, s. 41 ; Id. s. 31 ; Id. c. 29, s. 100.

DENT, JUDGE :

On the 23d day of November, 1892, Joseph N. B. Crim presented his bill of complaint to the Honorable Jos. T. Hoke, judge of the Circuit Court of Barbour county, setting out that he was a resident of Elk district and not a resident of the town of Philippi in Philippi district in said county ; that notwithstanding this fact the municipal authorities of said town had caused him to be assessed on the assessment books thereof with two poll taxes and notes, money, bonds and choses in action to the amount of one hundred thousand dollars, and levied thereon taxes to the amount of one thousand dollars; had caused a tax-receipt to be issued therefor, and placed in the hands of the sergeant, who was proceeding to enforce collection thereof, with all due diligence—and praying an injunction. A temporary injunction was granted.  The town and its sergeant appeared, demurred and filed answers ; and depositions were taken.  On the 25th day of January, 1893, at Beverly, in Randolph county, on motion of the defendants Judge Hoke entered a vacation order sustaining the demurrers to the bill and dissolving the injunction, from which order this appeal was granted.

The only question now properly presented to this Court is :   Did the Circuit Court judge do right in sustaining the demurrers ?   By them the allegations of the bill are ad-

mitted to be true, but the right of equitable remedy is denied because of plain, adequate legal remedy; that is, that, although the plaintiff and his property were wrongfully assessed and taxed by said town authorities, a court of equity would not interfere to prevent the consummation of the wrong and confine the municipality within the limits of its taxing power, as prescribed by law, but that the victim of their oppression must suffer himself to be legally robbed, or apply to a court of law for redress of his grievances.

This is clearly not the law, for it has been held by this Court: "If municipal authorities tax persons or property not legally taxable, or if they exceed the limit prescribed by the statute conferring their power to tax, their action being *ultra vires* and void, equity has jurisdiction to grant relief."

*Christie* v. *Malden*, 23 W. Va. 671. No other forum can afford such prompt, complete, and adequate relief. The hand of the would-be spoiler is stayed before it seizes its intended booty.

Of course, it must clearly appear that the municipality is going beyond the line of its authority. The allegations of the bill, if true, plainly show this; and as the Circuit Court determined the case on demurrer—not on its merits, this Court, in accordance with its established practice, can look no further. It is well, however, that the limit of municipal authority to assess and tax property within its jurisdiction should be clearly defined and understood.

Section 49, c. 29, Code, provides that money, credits, and investments shall be listed for taxation in the district where the person resides, and not elsewhere. Section 30, c. 47, as also the charter of the town, limits the right of taxation to personal property within the corporate limits, subject to State and county taxes. Section 100, c. 29, provides that taxes for county, district, and village purposes shall be levied only upon the values of property, ascertained for State purposes, except in cities of more than ten thousand inhabitants.

These sections make all municipal assessments with the exception named both as to property and its value subordinate to the assessment for State purposes; and properly

so, because the municipality is but a fractional part of the State, and, if there is any property therein that ought to be taxed for municipal purposes, it also ought to be subject to state taxation; so that, if there is any error either as to property or persons, the correction should be first made in the state assessment, and the municipal assessment made to conform to it. This leads to uniformity, and prevents all such discrimination and litigation as we now have before the Court; and the burden of tax litigation, if any there be, is taken off the municipal and placed on the county and state authorities, where it properly belongs. The law affords ample remedies to any citizen or tax-payer to have the state assessment books properly corrected, so as to prevent any person or property escaping taxation; and not only that, but it also provides a reward for the person informing on the taxpayer who makes a false and insufficient return of his property.

We therefore conclude that the circuit judge erred in the order of the 25th January, 1893, in improperly sustaining the demurrers to the bill and dissolving the injunction; and the order is reversed, the demurrers are overruled, the injunction reinstated, and this cause is remanded to said Circuit Court to be further proceeded with in accordance with this opinion and the rules of equity.

# CHARLESTON.

