# CHARLESTON.

## Watson *v.* Town of Fairmont.

Submitted June 16, 1893.—Decided November 11, 1893.

1. Taxes—Banks.

Under chapter 54, Acts 1875, shares of bank.stock are assessable to the holder thereof only in the district, where he resides, and then only in case they have not been included in the assessment of the capital of the bank in the district or municipality in which it does business.

2. Taxes—Banks.

If a municipality, in which an incorporated bank does business, neglects to assess the capital stock of such bank, as it has the legal right to do, it can not assess a non-resident shareholder with the value of the shares held by him.

A. F. Haymond and Lee P. Watson (B. L. Butcher, of counsel) for plaintiff in error.

I.—*As to situs for taxation, see*—Cook on Stock and Stockholders, sec. 564; Cool. Tax. 16, 274; 16 Pick. 572; 30 N. J. 13; 23 N. J. 481; 23 N. J. 532; 49 Penn. St. 526.

II.—*As to limitations of municipal powers of taxation, see*—11 W. Va. 501; 28 W. Va. 698; 15 S. E. Rep. 78; Secs. 18 and 20, chap. 18, Acts 1865; Secs. 28 and 31, chap. 47, Code 1868; Sec. 101, chap. 54, Acts 1875.

Jas. A. Haggerty and G. M. Alexander, for defendant in error cited *Charter of town,* ch. 80, Acts 1865; *Charter of bank,* Acts of 1875, page 369. *Authority of town to levy the tax:* Ch. 80 Acts 1865, sec. 20; Ch. 54, Acts 1875, secs. 57–64; Ch. 47, Code 1891, sec. 31; 3 W. Va. 319; 4 Hun. 585; Ch. 54, Acts 1875, secs. 41–44 and 49; 23 N. Y. 224; 1st and 9th secs. of art. X. Const. W. Va.; Cooly on Taxation, 429 to 446, and cases cited; 36 W. Va. 341; *Legislative power as to taxing at actual situs:* 21 Vt. 158; 11 R. I. 595; 19 Wall. 493.

Dent, Judge:

In the years 1876, 1877, 1878 and 1879, Thomas F. Wat-

son, a resident of Monongalia county, held fifty shares of stock in the Farmers' Bank of Fairmont, Marion county, of the par value of five thousand dollars. The capital stock of the bank not being assessed, he listed these shares of stock for taxation under sections 41, 49, c. 54, Acts 1875, in Monongalia county, in the district where he resided for the years aforesaid, and paid all taxes assessed thereon. For the same years, the county assessor of Marion county and the town assessor of Fairmont, having neglected to assess said bank with its capital stock in the manner provided by law, the town authorities of Fairmont assessed the said Watson with the said shares of stock and compelled him against his protest to pay taxes thereon aggregating for the several years the sum of $82.50. On the 11th day of January, 1882, he brought suit before Thomas A. Fleming, a justice of the peace, for the amount of said taxes, and on the 7th day of February, 1882, recovered a judgment for the taxes and interest, then amounting to the sum of $99.37. The town appealed from this judgment, and on the 11th day of March, 1891, the Circuit Court reversed the judgment of the justice and dismissed the action at the plaintiff's costs, from which judgment of dismissal 'a writ of error was granted.

Chapter 54, § 41, Acts 1875, provides: "Every person of full age and sound mind shall list for taxation the property belonging to him, including the shares held by him in any national or other bank in this or any other state, except where the same is listed under the provisions of section 64 of this chapter," etc.

Section 49 provides: "Every person required by law to list personal property shall list for taxation in the assessment district where he resides the money, credits and investments subject to taxation belonging to himself, or under his charge or control, whether the same or the evidence thereof be in or out of the state; but capital, money and property (except real estate) employed in any trade or business (other than agriculture) belonging to a company, whether it be incorporated or not, or to an individual, shall be assessed for taxation in the assessment district where the principal office for transacting the financial concerns per-

taining to such trade or business is located; or, if there be no such office, then in the district where the operations are carried on."

Section 64 provides : "He (the assessor) shall ascertain from the proper officers or agents of all incorporated companies in his district, the actual value of the capital employed or invested by them in their trade or business, and enter the same in his personal property book."

It is plain from these provisions, that it was the unquestionable duty of both the county assessor of Marion and the town assessor of Fairmont to assess the capital stock of the bank, within the town where it did business; but they having neglected to do so, it became the duty of the shareholder under the same sections to list his property for taxation including his shares in this bank in the district of his residence. In the one case it would have been assessed to the bank as capital stock. In the other case it is assessed to the shareholder as an investment.

If the assessors had done their duty under the law, the shareholder would have been relieved from listing his shares and paying taxes thereon in the district of his residence. But, by reason of their neglect of duty he was compelled by law to take the course he did; and now when he has done his legal duty will the law permit this town assessor to assess him with his shares of stock because they are part of the capital of the bank? Certainly not, because that would make him liable to a double assessment, where he resides and where the business is carried on, because the law does not relieve him from being assessed on his individual shares in the district of his residence except in case the capital of the bank is assessed under said section 64; and, if he permits his individual shares to be assessed in any other district than the one in which he resides, he still must pay taxes there. As in this case he has already paid state, county and district taxes, including road and poor levies, in the district of his residence, all of which he would have been relieved from, had the assessors discharged their legal duties as aforesaid.

It was the law then, and is the law now, that the capital and personal property of a bank should be assessed to it

in its corporate capacity in the district in which it does business. *Bank of Bramwell* v. *County Court*, 36 W. Va. 341 (15 S. E. Rep. 78). It is also the settled law of this state both by decision and statute, "that money, credits, securities and investments follow the person." *City of Wheeling* v. *Hawley*, 18 W. Va. 476.

It is self-evident that, if these shares could not be assessed by the county assessor for state and county purposes, they could not be assessed by the town authorities for municipal purposes. That which can not be regarded in the county can not be regarded in the town a fractional part of the county. The provisions of the statutory law are plain upon this question. See, also, in the case of *Crim* v. *Town of Philippi, supra p.* (18 S. E. Rep. 466).

The conclusion therefore is, that the town authorities illegally assessed and collected the taxes sued for in this case off the plaintiff in error, and that the Circuit Court erred in holding otherwise and reversing the judgment of the justice; and the judgment of the Circuit Court is therefore reversed, and this Court proceeding to render such judgment, as the Circuit Court ought to have rendered, doth affirm the judgment of the justice and doth render judgment in favor of the appellant, Thomas F. Watson, for the sum of ninety nine dollars and thirty seven cents and the sum of ———— dollars, costs before the justice, aggregating the sum of ———— dollars, with interest thereon at the rate of ten *per cent. per annum* until payment, and his costs in this court and in the Circuit Court expended.