AGGERS, ASSESSOR, v. THE PEOPLE EX REL. THE TOWN OF MONTCLAIR.

1. TAXATION—STATUTORY CONSTRUCTION.

Statutes relating to taxes should, where the language will permit, be so construed as to give effect to the obvious intention of the legislature, rather than to defeat that intention by too strict an adherence to the letter.

2. SAME—ASSESSOR'S POWER TO EXTEND OMITTED TAXES.

The assessor has power and it is his duty, under sec. 3820, Mills' An. Stats., when it is discovered certain special taxes upon particular property have been omitted from the assessment book, to place the same upon his book with all arrearages which should have been assessed in former years, notwithstanding the property had been regularly listed and the omission consisted only in failing to extend the special tax levy.

3. CONSTITUTIONAL LAW—LIMITATION.

The limitation contained in sec. 8, art. 11, of the constitution, is as to the amount of indebtedness a town may contract, and not upon its power of taxation.

4. PARTIES—MANDAMUS.

In an application for *mandamus* against an assessor to compel him to extend special taxes levied by town authorities, the town, as relator, is the proper party.

*Error to the District Court of Arapahoe County.*

ON THE 13th of November, 1890, the southwest quarter of section 5, township 4 south, range 67 west, in the county of Arapahoe and state of Colorado, was duly platted and annexed to the town of Montclair as "Porter and Raymond's Montclair, an Addition to the Town of Montclair," and on January 1, 1891, the south half of the southeast quarter of section 6, in said township and range, was duly platted and annexed to said town as "Porter and Raymond's Second Addition to Montclair," and ever since said dates respectively said additions were, and still are, a part of and included within the territory of the town of Montclair.

In September, 1891, the board of trustees of the town of Montclair levied a tax of eighteen mills; and in September, 1892, fifteen mills, for town purposes. These levies were reported to the county commissioners. The assessor entered the property in said additions, properly described as lots and blocks, upon the tax list and assessment book for those years, but extended these respective levies for town purposes only upon the property in Montclair outside of these two additions, and omitted to extend them upon the lands included within them.

In 1893, upon the discovery of this omission, the relator, the town of Montclair, requested the plaintiff in error, the then assessor of Arapahoe county, to place the property in these additions upon the assessment roll for 1893, and extend the taxes so levied for 1891 and 1892 against the same. Upon his refusal to do so, the relator instituted this proceeding. The court below granted a peremptory writ of *mandamus* to compel him to perform this duty. From this judgment he prosecutes this writ of error.

Mr. I. N. STEVENS and Mr. ROBERT E. FOOTE, for plaintiff in error.

Messrs. TALBOT & DENISON, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The foregoing brief summary sufficiently presents the question involved in this case, namely: Does the fact that the taxes only, and not the land, were omitted from the tax list and assessment roll, entitle relator to the relief sought under the following provisions of our statute relative to the assessment of back taxes?

"All taxes shall be levied for the fiscal year ending November thirtieth (30) in each year, and shall be a perpetual lien upon all real estate subject to taxation, until such taxes and any penalty, charges and interest which have accrued thereon, shall be paid; and any property, real or personal, which has by mistake or oversight been omitted from the tax list for any year or years, shall be subject to assessment for all back taxes properly chargeable thereon." Mills' An. Stats., sec. 3770; Gen. Stats., sec. 2818.

"If by any means any property, real or personal, shall be omitted in the assessment of any year or series of years, and not put upon the assessor's book, the same when discovered shall be assessed by the assessor for the time being, and placed upon his book before the same is returned to the county clerk, with all the arrearages of taxes which should have been assessed and paid in former years, charged thereon, or in case of the failure or neglect of the assessor, the same shall be assessed by the treasurer, as provided for 'additional assessments.'" Mills' An. Stats., sec. 3820; Gen. Stats., sec. 2857.

It is urged in argument of counsel for plaintiff in error that since the language of the statute is that *property* omitted from the tax list or omitted from the assessment book shall be subject to assessment for back taxes, and it appearing from the facts in this case that the property was not omitted from

either, but only the town tax, that the case is not one that comes within the letter or purview of the statute.

We can see no merit in this claim. The purpose of the statute evidently is to prevent property from escaping taxation through oversight, omission or mistake, and to enable the taxing officers to impose upon all property its just and equal proportion of the public burden. The strict construction contended for by counsel for respondent would prevent the accomplishment of this object and purpose. We think rather that the rule of construction that should be adopted is as stated in *Cornwall v. Todd*, 38 Conn. 443, quoted with approval by Cooley in the second edition of his work on Taxation, p. 274: " In construing statutes relating to taxes, therefore, we ought, where the language will permit, so to construe them as to give effect to the obvious intention and meaning of the legislature, rather than to defeat that intention by a too strict adherence to the letter."

No reason can be perceived why the omission to extend or enter the taxes upon property listed and valued would justify the exemption of such property from taxation, when the omission of the property itself from the tax list would not do so. If support for this view is needed it may be found in the case of *City of Wheeling v. Hawley*, 18 West Va. 472. The court in that case had under consideration a statute the exact converse of ours, and which provided: " If the assessor discover that any taxes on personal property were omitted in any former year * * * he shall enter the same with interest thereon in his personal property book."

And it was contended that the statute did not authorize the assessor to list omitted property, but only to extend omitted taxes. The court say: " Doubtless the purpose of the statute was not to let any man escape from his share of the burdens of taxation, because by accident or design in any year he was not charged with the amount of taxation to which he was liable on the property owned by him. * * * To give the construction to the statute contended for by the counsel of the plaintiff in error would be not only to violate, in my opinion, the plain letter of the statute, but certainly

its spirit and purpose, and would have the effect to offer a premium to the taxpayer to evade a proper return of his property for taxation. * * * I can see nothing in the language and spirit of the statute which would justify the construction contended for."

In *Overing v. Foote,* 43 N. Y. 290, in construing a statute similar to ours, in a case wherein the property was in fact assessed in a prior year, but to a person not the owner, the court say: "Here the tax is for certain specific property, taxed as personal property; and the fact that it was assessed to a stranger, and not to the owner, the previous year, brings it within the plain purpose and spirit of the law authorizing this assessment. Within the law, that was an 'omission in the assessment roll' of 1864."

We are of the opinion that while the case before us does not come within the strict letter of the statute, that it does come clearly within its spirit, and the court below properly so held. The further objection that by extending these taxes in addition to the ten mills levied for 1893, thereby charging against the land an aggregate of forty-three mills, is in violation of section 8, article 11, of the constitution, is also untenable. The limitation therein provided is as to the amount of indebtedness a town may contract, and not upon its power of taxation.

In answer to the claim that by failing to appear before the board of equalization "the town is estopped from assailing the assessment," suffice it to say the town is not assailing the assessment, but concedes its correctness and regularity. That the relator is the proper party to institute this action, see *The People ex rel. The County of Contra Costa v. The Board of Supervisors of the County of Alameda,* 26 Cal. 642; *The Fla. C. & P. R. Co. v. State ex rel. The Mayor, etc.,* 31 Fla. 482; *The People ex rel. Case v. Collins et al.,* 19 Wend. 56.

The correctness of the judgment of the court below seems to us too clear to admit of serious controversy. The judgment is therefore affirmed.

*Affirmed.*