# CHARLESTON.

RIDDLE *et al. v.* TOWN OF CHARLESTOWN *et al.*

Submitted September 6, 1897—Decided November 17, 1897.

1. DEEDS—*Reservations in Deeds—Validity of Reservations.*

    Stipulations, reservations, exceptions, or conditions in a deed, which are inconsistent with, and tend to depreciate or destroy, the estate or interest guaranteed, are void. (p. 798.)

2. DEDICATION—*Streets—Reservations in Deeds—Validity of Reservation.*

    When an owner of real estate within the corporate limits of a town lays and plats the same off in town lots, streets, and alleys, and sells such lots with relation to such streets and alleys, granting to the purchasers the use of such streets and alleys, the same as though they were public streets and alleys in all respects, and throws them open to the use of the public, he will be considered to have dedicated the same to public use, although the deeds for the lots and such streets and alleys may contain a reservation to the grantor of any damages that may be recoverable against the municipality in case the bed of such streets and alleys should be thereafter condemned for public use, as such reservation is inconsistent with and repugnant to the nature of the estate or interest granted in such streets and alleys, and tends to the destruction thereof. (p. 798.)

3. EQUITY JURISDICTION —*Injunction —Remedy at Law.*

    Equity will not enjoin municipal assessments, merely on the grounds of illegality or irregularity, when the municipality, in making such assessments, is not exceeding the constitutional or statutory limit of its authority, as the person aggrieved in such case has adequate remedy at law for his relief. (p. 799.)

Appeal from Circuit Court of Jefferson County.

Bill by Rebecca Hunter and others against the town of Charles Town and others. From a decree for defendants, plaintiffs appeal.

*Affirmed.*

W. H. TRAVERS, for appellants.

JAMES M. MASON, JR., for appellees.

DENT, JUDGE :

Rebecca Hunter and others filed their bill in chancery in the Circuit Court of Jefferson County against the town of Charles Town to prevent the authorities of defendant from laying a pavement along the eastern side of Samuel street extended, 'in so far as it abutted on plaintiff's property, and prevent the assessment of the expense thereof against the owners. A temporary injunction was granted, but on a final hearing was dissolved.

The contention of the plaintiffs is that there was no dedication of the street to the public, nor acceptance thereof by the town, and that the proceedings on the part of the council were otherwise illegal and irregular. The dedication appears to be clear beyond all controversy. The plaintiffs had the land laid off into town lots, extending Samuel street through their land to the land of others, who continued it on, with the aid of the county, beyond the corporate limits, to the public highway. It was thus used by the public for many years, and was worked by the town in a small way, until it was decided to grade it, put in a curb, and require the abutting owners to construct pavements along it. On receiving notice to this end, the plaintiffs immediately set up a claim of non-dedication, not that they wanted to or could close the street, but they desired to avoid payment for their portion of the pavement, and have damages against the town for the fee simple of the street. The principal ground relied on by plaintiffs in support of their contention is a reservation in certain deeds made by them as far back as the 20th of July, 1868, in these words : "But the said parties hereto of the first part do not hereby relinquish any claim to damages that may be properly recoverable in the way of

compensation from the corporation of Charles Town, should the same condemn for public use the bed of Samuel street as extended according to the plans of the said addition to Charles Town." The deeds contained, also, the following clause: "And the parties hereto of the first part covenant and agree with the parties of the second and third part to keep open for their use, in the same manner as a public street, the street known as 'Samuel Street,' fifty feet wide, from an alley twenty feet wide bounding the lot known as the 'Hotel Garden' on the south to the south boundary line of the said Rebecca Hunter's addition to Charles Town." The evident meaning of these two provisions is that Samuel street, so extended, is to be in all respects a public street, but the grantors reserve from the grantees any damages that may be recoverable off the town, should the town thereafterwards recognize it, for the benefit of the abutting owners, to be a public street, and improve it as such. According to the covenant with the purchasers of the lots, it cannot be closed up, abandoned, or vacated as a public street. This itself is a complete dedication to public use, and one which the lot owners could enforce if it was in any manner disturbed. Hence, to give the construction to these provisions insisted on by plaintiffs is to render them wholly inconsistent.

A reservation in a grant, inconsistent therewith, and which tends to defeat the purpose thereof, is void, as a repugnant condition. 13 Am. & Eng. Enc. Law, 798. To compel the town to pay for the mere privilege of improving a street already dedicated to public uses would be a travesty on justice. So that the strongest consistent legal construction the reservation can bear is that the lot purchasers were not to demand any damages from the town, but if, for any reason, damages were ever recoverable for the bed of the street, they should go to the grantors, and not the grantees. These provisions of these deeds must be held to be an original dedication of the street to public uses, which was followed by other deeds without such reservations, and also by a complete abandonment of the street to the public, until graded and ready for a sidewalk, and the abutting owners were notified to construct the same. If the provision was valid, instead of being void, for the purposes claimed by plaintiffs, by their long acqui-

esence in the use of the public they will be deemed to have abandoned the same. The dedication is so complete that the circuit court modified the injunction, as prayed, so as only to prohibit the authorities "from making a pavement on the east side of Samuel street extended through the property of the complainants, or along any portion thereof, and from charging or collecting any portion of the expense thereof from complainants, or from making the same a lien upon said property." This is the only injunction granted in the case, and from the order dissolving the same the appeal is taken.

The public, as represented by the town authorities, was not inhibited from grading or improving the street in any manner, except in so far as it was to be done at the expense of the plaintiffs. Afterwards the plaintiffs consented that the improvements should be completed by the authorities, reserving only the right to avoid payment or liability on their part on any legal or equitable grounds. So the whole case is narrowed down to the mere question whether the town or the plaintiffs shall ultimately bear the expense of the pavement along their abutting property. This, then, having resolved itself into a question of mere pecuniary liability, the law furnishes ample remedy. *Wilson* v. *Town of Philippi*, 39 W. Va. 75 (19 S. E. 553). General or local assessments of taxes illegal for want of notice or other irregularities furnish no sufficient grounds for equitable interference. *Douglass* v. *Town of Harrisville*, 9 W. Va. 162; *Crim* v. *Town of Philippi*, 38 W. Va. 122 (18 S. E. 466); *Christie* v. *Malden*, 23 W. Va. 667. Eliminating the questions of dedication and acceptance, and equity jurisdiction is entirely destroyed. The dedication and acceptance are both full and complete. It is because of the acceptance that plaintiffs complain. Taking control, grading, curbing, and notifying property owners to construct sidewalks, relieves the question of acceptance of all doubt. *Taylor* v. *Philippi*, 35 W. Va. 556 (14 S. E. 130); *Sturmer* v. *County Court*, 42 W. Va. 724 (26 S. E. 532).

The plaintiffs say the abutting land is farm land. They have sold lots on either side of it, and it is only farm land because the plaintiffs hold it at a high figure, because of its location on Samuel street, and its increasing value on account of the local improvements made and being made.

If placed on the market at a reasonable price, it would soon cease to be farm land. They share in the prosperity of public improvements, and should bear their just proportion thereof. The decree is affirmed.

*Affirmed.*