SCHUYLER S. BARTLETT, executor, *vs.* CITY OF BOSTON.

Suffolk. November 11, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & LORING, JJ

*Deed,* Acceptance. *Contract,* Making.

A deed from a landowner, conveying land to a city for the construction of a street, and containing a provision making it a condition of the acceptance of the deed that no betterments shall be assessed on any land of the grantor for the construction of the street, can be found to have been accepted by the city, if there is evidence, that the deed was delivered to the street commissioners who sent it to the city auditor, that he received it, sent it to be recorded and paid the registration fee, that thereafter it was returned to him and he had ever since retained it during a period of six years, and that it was listed upon the records of deeds belonging to the city in the office of the auditor, and where also it appears, that at the time the deed was given it was and long had been the custom of the street commissioners to take such deeds, and that in dealing with this deed the usual course was taken.

CONTRACT for the amount of an assessment paid by Henry Lee, the plaintiff's testator, for benefits to certain lots of land from the construction of West Newbury Street, contrary to a provision contained in a deed from Henry Lee and other landowners, alleged to have been accepted by the city of Boston. Writ dated February 2, 1901.

In the Superior Court the case was heard by *Mason,* C. J. upon an agreed statement of facts. The deed in question conveyed in fee to the city of Boston the land of the grantors required for the construction of West Newbury Street, and contained the following provision relied on by the plaintiff: " The condition on which this release and conveyance is made and accepted is that any betterments on account of laying out and constructing said street as aforesaid assessed upon any estate owned by the undersigned shall be assumed by the city of Boston and the undersigned saved harmless therefrom."

The plaintiff's testator, not being reminded of the deed, inadvertently paid the assessment without protest.

The defendant requested the following rulings: 1. The facts stated will not warrant as matter of law a judgment for the plaintiff. 2. The deed given by the plaintiff's testator to the city, in the absence of evidence that it was accepted by vote of the city council or by vote of the board of street commissioners approved by the mayor, is not an agreement in writing sufficient to bind the city within the meaning of St. 1884, c. 226. 3. The plaintiff having voluntarily paid the assessment levied for the construction of Newbury Street without protest in writing, the payment was voluntary and cannot be recovered. 4. An assessment for street construction is a local tax, and under the statute is to be levied, collected and paid in the same manner as other taxes on real estate; the testator, Henry Lee, having paid the tax without protest, could not have recovered it back, and his executor has no greater right.

The judge refused to rule as requested, in numbers one and two, and as to numbers three and four ruled, that no question of validity of assessment arose under the case as presented, and ruled and found as follows: " The facts agreed warrant a finding that the city had accepted the deed from the plaintiff's testator, and the court finds there was such an acceptance." He found

and ordered judgment for the plaintiff; and the defendant alleged exceptions.

*S. M. Child,* for the defendant.

*R. T. Hay,* (*E. N. Chase* with him,) for the plaintiff.

HAMMOND, J. This is an action of contract. No question of pleading is raised, the case being submitted upon a statement of facts agreed. It is also stipulated that the court " may draw such inferences from the facts stated as a jury would be warranted in doing." At the trial in the Superior Court the plaintiff relied wholly upon the alleged breach of the agreement contained in the deed of the plaintiff's testator to the defendant.

The judge refused to give certain rulings requested by the defendant, ruled that the facts agreed warranted a finding that the city had accepted the deed, and, having so ruled, found as a fact that there was such an acceptance.

It is not argued by the plaintiff that the deed was an agreement in writing within St. 1884, c. 226, although it would seem from its language that the statute must have been in the mind of the draftsman. Nor is this an action to recover back money paid upon an invalid assessment. The case rests simply and entirely upon the obligation assumed by the defendant by its acceptance of the deed. Unless there was such an acceptance the plaintiff has no case, and he so concedes.

Under these circumstances the second ruling requested was immaterial; and the third and fourth, so far as they stated the steps necessary to be taken as a preliminary to the right to recover back money paid upon an invalid assessment, were also immaterial, and, so far as they requested the application of those rules to this case, were erroneous.

The only real question is whether the evidence warranted the finding of acceptance. We are of opinion that it did. It is true that the street commissioners do not act as the agents of the city, and therefore their acts as such do not bind the city as their principal, nor are such acts to be regarded as evidence of its acceptance of the deed. But there was much evidence upon this question outside of the doings of the commissioners. After the deed had been executed and delivered to them they sent it to the city auditor, who received it and sent it to the registry of

deeds to be recorded, and paid the record fee. It was thereafter returned to him and he has ever since retained it, and it is listed upon the records of deeds belonging to the city in the office of the auditor. It was recorded in April, 1894, more than six years before this suit was brought. It still further appears that at the time this deed was given it was, and long prior thereto had been, the custom of the commissioners to take such deeds, and that in dealing with this deed the usual course was taken.

In March, 1894, the order for the construction of the street was passed by the commissioners, and the street must have been soon constructed, for in December, 1895, the betterment assessments were made.

This evidence is ample to warrant the finding that the taking of this deed was known to the city, and that it acquiesced in the acceptance of the same by its officers on its behalf. Having accepted the deed, the city was bound by its provisions, and the first ruling requested was properly refused.

*Exceptions overruled.*