## HARLAN P. WHITCOMB *vs.* CITY OF BOSTON.

Suffolk.    December 5, 1905. — June 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Deed. Contract. Tax,* Assessments for benefits. *Municipal Corporations. Boston.*

In an action against the city of Boston to recover a sum of money which the plaintiff had been compelled to pay as a betterment assessment upon his land on account of the laying out and construction of a certain street, it appeared that the plaintiff and others executed a deed to the city purporting to be a conveyance of land in fee simple and containing a condition or an agreement that the city should

assume any betterments assessed upon the plaintiff's land on account of the laying out and construction of the street in question and would save the plaintiff harmless therefrom, that more than a year after its date this deed was·taken to the office of the street commissioners and there put in a pigeon hole in which such papers that had not been acted upon or accepted were kept together, that at the time the deed was brought to the office it was not the practice of the street commissioners to accept such papers although it had been their practice to do so at the time the deed was dated, that there was no reference to the deed in any record of the street commissioners or of any board or department of the city, that the deed never was taken by the officer who had the custody of valuable papers belonging to the city, and never was recorded. *Held,* that there was no evidence to warrant a finding that the deed ever was accepted by the city.

Except under St. 1902, c. 503, the street commissioners of the city of Boston cannot make an executory agreement on behalf of the city not to assess betterments for the laying out of a street, although their official action followed by the action of the authorities authorized to construct a street may constitute an acceptance of an offer made by landowners to induce the laying out of a street.

CONTRACT with two counts, the first to recover the amount of a betterment assessment alleged to be invalid and paid by the plaintiff under protest, and the second for damages for breach of a covenant contained in a certain deed of release, both counts being for the same cause of action. Writ in the Municipal Court of the City of Boston dated May 3, 1901.

On appeal to the Superior· Court the case was tried before *Bond,* J., without a jury, and the facts were shown which are stated in the opinion. At the close of the evidence the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover. The judge refused to rule as requested, and found for the plaintiff on the second count in the sum of $465.55, which was the amount paid by the plaintiff, with interest from the date of payment to the date of the writ. The defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in December, 1905, and afterwards was submitted on briefs to all the justices.

*P. Nichols,* for the defendant.

*E. O. Cooke & W. B. Grant,* for the plaintiff.

KNOWLTON, C. J. The question in this case is whether there was any evidence to warrant the finding for the plaintiff upon the second count of the declaration. This count is founded upon the alleged acceptance by the defendant of a deed from the plaintiff and others, containing a condition or an agreement that

the city should assume any betterments assessed upon the plaintiff's land on account of the laying out and construction of a street referred to, and save the plaintiff harmless therefrom.

There was no evidence tending to show that this deed was accepted by the city. It purports to be a conveyance of land to the city in fee simple. The instrument was never taken by the officer who has the custody of valuable papers belonging to the city, and was never recorded. According to the uncontradicted testimony of Jenkins, the secretary of the board of street commissioners, it was put in a pigeon hole in which such papers that had not been acted upon or accepted were kept together. The testimony was that, at the time when this paper was brought to the office of the street commissioners, it was not the practice of that board to act upon or accept such papers, although it had been their practice to accept them a year or two before, when this paper was dated. It bore date December 24, 1891, and was taken to the office of the street commissioners on January 10, 1893. There is no reference to it in any record of the street commissioners or of any board or department of the city. There was no evidence to warrant a finding that it was ever accepted by the city. The case is very different from *Bartlett* v. *Boston*, 182 Mass. 460, cited by the plaintiff.

It is not contended that this is an agreement in writing of the board of street commissioners, whereby the city is bound under St. 1884, c. 226, (R. L. c. 50, § 11,) now superseded by St. 1902, c. 503. See *Bartlett* v. *Boston, ubi supra.* Except under this statute, the board of street commissioners cannot bind the city by a contract to give up valuable rights, like betterments assessable upon the laying out of a street. They are a board of public officers, acting judicially in matters relating to the laying out of streets. They have no authority to make any kind of executory contract to bind the city, except under this statute.

They may by their official action, followed by action of authorities of the city in the construction of a street, supply a consideration on the part of the city, so as to make binding a unilateral contract presented by a landowner as an offer by way of inducement to the laying out of a street. *Bell* v. *Boston*, 101 Mass. 506, 510. *Crocket* v. *Boston*, 5 Cush. 182, 188. *Aspin-*

*wall* v. *Boston*, 191 Mass. 441.   But these cases do not intimate that they can make an executory contract binding upon the city, or that they alone can make any contract that shall deprive the city of valuable rights.

*Exceptions sustained.*