VILLAGE OF GROSSE POINTE SHORES *v.* AYRES.

1. ACTION—DECLARATORY JUDGMENTS—PLEADINGS MUST PRESENT ISSUE.

Requisite to proceeding under declaratory judgment law (3 Comp. Laws 1929, § 13903) is actual controversy over specific issue to be set up in pleadings so that binding declaration of rights may be made thereon.

2. SAME—SPECIAL PROCEEDING.

Said proceeding is special, is not substitute for regular actions, and is not exercise of general equity jurisdiction in which court may grant consequential relief under general prayer or on general equitable considerations.

3. DEDICATION—EFFECT OF CONDITION SUBSEQUENT—DECLARATORY JUDGMENTS.

In proceeding by village under declaratory judgment law (3 Comp. Laws 1929, § 13903) for declaration of rights under deeds dedicating lands for highway purposes, under pleadings and admissions issue presented is validity of conditions subsequent in effective dedication to plaintiff.

4. SAME—FRAUD NOT WITHIN SCOPE OF ACTION UNDER PLEADINGS.

Question of fraud of village in accepting dedication of lands for highway purposes with conditions subsequent after advice of counsel that said conditions were void and would not affect grant, although defendants had insisted upon rejection of deeds in case conditions were not satisfactory, *held*, not within scope of proceeding under defendants' pleadings.

5. ACTION—DECLARATORY JUDGMENTS—FUTURE RIGHTS NOT DECIDED.

In proceeding under declaratory judgment law (3 Comp. Laws 1929, § 13903), court will not decide as to future rights, especially where, by reason of extraneous circumstances creating estoppel or otherwise, the situation may become so changed that declaration now might be obsolete when need for it arises.

As to declaration of rights or declaratory judgments, see annotation in 12 A. L. R. 52; 19 A. L. R. 1124; 50 A. L. R. 42; 68 A. L. R. 110.

6. DEDICATION—EFFECT OF CONDITION SUBSEQUENT.

In present proceeding, under pleadings and proofs, only controversy between parties is in respect to installation of gas, water, lighting, and telephone systems in east parkway of highway, and said controversy presents specific and only issue.

7. HIGHWAYS AND STREETS—PARKWAY SUBJECT TO LAW APPLICABLE TO STREETS.

Land dedicated for parkway purposes in street is ordinarily part of street and governed by laws applicable thereto rather than those applicable to parks.

8. SAME—GRANT FOR STREET PURPOSES ESTABLISHES CHARACTER AS STREET.

Grant ⁄of land to village for purpose of highway established its character as such, and provisions in grant restricting its use to parkway are ineffectual restrictions upon use and control of street by village.

9. SAME—MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW.

Control of streets conferred on village by Constitution and statutes is to be used by authorities for public good as need arises, and may not be bartered away.

10. DEDICATION—HIGHWAYS AND STREETS—USES OF STREET.

Dedication of land for purpose of highway carries right to public travel and also use for all present and future agencies commonly adopted by public authority for benefit of people, such as sewer, water, gas, lighting, and telephone systems.

11. SAME—RESTRICTIONS VOID AS AGAINST PUBLIC POLICY—INCONSISTENT WITH GRANT.

Condition in deed dedicating land for street prohibiting its use for such purposes as sewer, water, gas, etc., is void as against public policy or as inconsistent with grant.

12. SAME—DEDICATION EFFECTIVE ALTHOUGH CONDITION INOPERATIVE.

Where condition in dedication for street is void as against public policy or as inconsistent with grant, dedication is effective but condition is inoperative.

Appeal from Wayne; Smith (Henry H.), J., presiding. Submitted January 22, 1931. (Docket

No. 132, Calendar No. 35,457.)    Decided April 7, 1931.

Bill by Village of Grosse Pointe Shores, a municipal corporation, against Clarence L. Ayres and others for a declaration of rights under a deed dedicating land to plaintiff for street purposes. From decree entered, defendants appeal. Affirmed in part, reversed in part.

*Elroy O. Jones* (*Raymond K. Dykema* and *Renville Wheat*, of counsel), for plaintiff.

*Lightner, Oxtoby, Hanley, Crawford & Dodd* (*A. George Abbott*, of counsel), for defendants.

Fead, J. Under contract and agreed plan of construction and maintenance, plaintiff and the county road commission of Wayne county undertook the widening to 120 feet of a 66-foot street in the village of Grosse Pointe Shores; plaintiff to secure the right of way. The plan contemplated a street of boulevard style, with 22-foot parkways on the outside, two 27-foot driveways, and a 22-foot parkway in the center. Some of the abutting owners conveyed lands to plaintiff for the street on forms drafted by the village attorney. Defendants conveyed and dedicated lands "for the purposes of a highway known as Lake Shore Road" by a different form of deed prepared by their own lawyers. The dedications were formally and unconditionally accepted by resolution of the village council.

Both forms described the street planned, and provided that the east and west parkways shall always remain unpaved. The action arises over the following special conditions in defendants' deeds:

"(6) No sidewalk, storm-water sewer, water-main, or underground public utility conduits or any other future installed public utility shall occupy the easterly 22 feet of the road, all of which, if and when installed shall be placed, as far as practicable, in or under the unpaved parkway between the two paved roadbeds, otherwise may be placed under the pavement or in or under the westerly 22 feet of the road. The three parkways of approximately 22 feet shall for all time be continued as such parkways and shall never be used for widening the paved portions of said roadbeds.

"(7) Should said highway ever be widened by condemnation proceedings or by other than voluntary dedication, or any of the terms of this conveyance and dedication be violated, or any portion of said parkways ever be used for widening the paved portions of said roadbeds, then the property herein conveyed and dedicated with all improvements thereon, shall automatically revert to said first parties, their heirs, executors, administrators or assigns. The express conditions hereof shall be strictly complied with and shall be construed in favor of the first parties, and is the moving and principal consideration hereof.

"(8) For the purpose of clarity, it is understood that this dedication is made by the first parties with the distinct understanding that the consideration for it is a road with two distinct paved roadbeds and an unpaved boulevard parkway between as shown by the blueprints hereto attached; that the first parties would not make a free dedication and give to said village said land for any other kind of roadway other than that shown in the blueprints hereto attached, and that if and/or when said village or its municipal successor or successors impose any other plan of roadway or otherwise violate any of the provisions of this deed of dedication, then and in that event the property herein dedicated shall

automatically revert to the first parties their heirs, executors, administrators or assigns.''

This is a proceeding under the declaratory judgment law, 3 Comp. Laws 1929, § 13903, to determine and declare the effect of these conditions, which plaintiff contends are void and defendants urge are valid. The circuit court held with plaintiff. The first consideration is to define the issue.

A requisite to the proceeding is an actual controversy over a specific issue to be set up in the pleadings, in order that a binding declaration of rights may be made thereon. The proceeding is special, is not a substitute for the regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations. *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673 (68 A. L. R. 105); 50 A. L. R. 42; 19 A. L. R. 1124; 12 A. L. R. 52, notes.

In the pleadings, plaintiff alleged and defendants admitted that the deeds and acceptance ''constitute a good and valid dedication of the land described therein for highway purposes.'' Hence the issue is upon the validity of conditions subsequent in an effective dedication to plaintiff.

Defendants' claim, upon the oral testimony, that the acceptance of the dedication was tainted with fraud and the grant should be annulled is not within the scope of the action. The claim is that, before accepting the dedication, plaintiff had advice of counsel that the above conditions were void and did not affect the grant, and then accepted it although defendants, in delivering the deeds, had insisted upon their rejection in case the conditions were not satisfactory to plaintiff. To raise such issue would require pleadings which would convert the proceeding into a regular action by proper allegations of

fact and a prayer for affirmative relief. Defendants did not so plead.

The court will not decide as to future rights, especially where, by reason of extraneous circumstances creating estoppel or otherwise, the situation may become so changed that a declaration now might be obsolete when the need for it arises. *Washington-Detroit Theatre Co.* v. *Moore, supra.* A change in the present plan of the street by which parkways will be paved or the street widened is not now contemplated by any of the parties, and its possibility is too remote to afford a basis for a declaration of rights at this time. The pleadings and proofs disclose no actual controversy between the parties regarding the conditions of the dedication except in respect of the installation of gas, water, lighting, and telephone systems in the east parkway, which was immediately intended under the plan of construction. Such controversy presents the specific and only issue.

The gist of defendants' contention is that the dedication should be divided into two separate parts, one covering the three parkways to be governed by the law applicable to the parks, and one including the two driveways to be controlled by the law of highways, the force of conditions in the dedication of parks and of highways being different in many respects. If the land had been dedicated for park purposes, the parkway could be treated as a park. *In re City of Detroit,* 227 Mich. 132. But ordinarily a parkway is not a park but a street or part of a street. *Kleopfert* v. *City of Minneapolis,* 90 Minn. 158 (95 N. W. 908); *Municipal Securities Corp.* v. *Kansas City,* 265 Mo. 252 (177 S. W. 856); *Kupelian* v. *Andrews,* 233 N. Y. 278 (135 N. E. 502). And a dedication expressly for parkway purposes to widen a street renders the land dedicated part of the street

and subjects it to later conversion into a driveway within the power of the constituted authorities. *State, ex rel. Townsend,* v. *Board of Park Com'rs,* 100 Minn. 150 (110 N. W. 1121, 9 L. R. A. [N. S.] 1045). The grant here was for the purpose of a highway. This established the character of the dedication and the provisions regarding parkways were merely attempted restrictions upon the use and control of the street by the village.

The control of streets is conferred on a village by Constitution and statute. It is to be used by the authorities for the public good as the need arises and cannot be bartered away. *In the Matter of Opening First Street,* 66 Mich. 42; *Whitcomb* v. *City of Boston,* 192 Mass. 211 (78 N. E. 407); *Vandalia R. Co.* v. *State, ex rel. City of South Bend,* 166 Ind. 219 (76 N. E. 980, 117 Am. St. Rep. 370); *Penley* v. *City of Auburn,* 85 Me. 278 (27 Atl. 158, 21 L. R. A. 657).

The dedication of property for the purpose of a highway carries the right to public travel and also the use for all present and future agencies commonly adopted by public authority for the benefit of the people, such as sewer, water, gas, lighting, and telephone systems. *Warren* v. *City of Grand Haven,* 30 Mich. 24; *Magee* v. *Overshiner,* 150 Ind. 127 (49 N. E. 951, 40 L. R. A. 370, 65 Am. St. Rep. 358); *Wood* v. *National Water Works Co.,* 33 Kan. 590 (7 Pac. 233); *Julia Building Ass'n* v. *Bell Telephone Co.,* 13 Mo. App. 477. In this connection attention may be called to the fact that the dedication of the east parkway is not a new gift but is in fact a rededication, because all of it was within the limits of the old road. The point suggests itself that the village had no power to contract away its right to lay pipes and erect poles in territory which had been and continued to be part of the street. But

as the point was not briefed by counsel and is not necessary to decision it will be passed.

A condition in a deed of dedication prohibiting the uses above stated or circumscribing the future freedom of action of the authorities to devote the street to the wants and convenience of the public is void, as against public policy or as inconsistent with the grant. And where the condition in the dedication for a street is void as against public policy or as inconsistent with the grant, the dedication is effective but the condition is inoperative. *Leggett* v. *City of Detroit*, 137 Mich. 247; *Dickerson* v. *City of Detroit*, 99 Mich. 498; *Richards* v. *City of Cincinnati*, 31 Ohio St. 506; *Wood* v. *National Water Works Co.*, *supra;* 4 McQuillin, Municipal Corporations (2d Ed.), § 1670; 18 C. J. p. 71; *Moser* v. *Greenland Hills Realty Co.* (Tex. Civ. App.), 300 S. W. 177; *Haight* v. *City of Keokuk*, 4 Iowa, 199; *Bradley* v. *Railroad Co.*, 79 Wash. 455 (140 Pac. 688); *Neagle* v. *City of Tacoma*, 127 Wash. 528 (221 Pac. 588); *State, ex rel. Townsend,* v. *Board of Park Com'rs, supra; Vandalia R. Co.* v. *State, ex rel. City of South Bend, supra; Riddle* v. *Town of Charlestown,* 43 W. Va. 796 (28 S. E. 831); *Julia Building Ass'n* v. *Bell Telephone Co., supra.* The exceptions to this rule, which apply to reservations for public utilities, need not be considered.

We must, therefore, hold that the above condition of the deed at bar is void and inoperative, but the dedication remains in force.

Upon the issue here decided, the decree is affirmed, but the declaration of other rights will be reversed as not now presenting an actual controversy; without costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.