Mason, J.
This is an action of contract which the parties agree may be considered upon the basis that the Plaintiff’s Declaration is as follows:
“Count I. And the plaintiffs say that on the 23rd day of December, 1935, they conveyed to the City of Pittsfield a right and easement to build and maintain a certain water pipe over a strip of land six feet wide in the City of Pitts-field from New Road to land of one Kirkpatrick some 1000 feet in distance to the north, on consideration for a promise by the defendant to abate all sewer assessments on the property of the said plaintiffs; and that the defendant has violated the terms of its agreement and has charged the plaintiffs the sum of two hundred thirty-four dollars and eighty-seven cents ($234.87) for a sewer assessment and twenty-four dollars and eighty-three cents ($24.83) interest and special charges on the same which the plaintiffs have paid to the defendant under written protest signed by them, *341 and that payment was made on or about the 5th day of June 1940 and within three months of the commencement of this action. Wherefore the defendant owes the plaintiff the said sum of two hundred sixty dollars and seventy cents ($260.70).
Count II. And the plaintiffs say that the defendant owes them two hundred sixty dollars and seventy cents ($260.70) for money received by the defendant to the plaintiff’s use. And all two counts are for the same cause of action. ’ ’
The defendant’s answer is as follows:
“And now comes the defendant and not waiving its demurrer but relying thereon denies each and every material allegation in the plaintiff’s writ and declaration as though severally set forth and separately denied.
And further answering the defendant says that if it ever owed the plaintiffs anything it has paid them in full and now owes them nothing.
And further answering the defendant says that if the plaintiffs made the payment set forth in their declaration that it was not made under written protest.
And further answering the defendant says that if the plaintiffs made the payment set forth in their declaration that this action was not begun within three months of the date of said payment as required by law.”
The plaintiffs owned two adjacent lots of land in Pitts-field. They conveyed an easement for a sewer pipe over one of the lots. The sewer was to run in the street in front of the plaintiffs’ other lot. In the deed conveying this easement there was this recital — “in consideration of the abatement of all sewer assessments by the City of Pitts-field, a Municipal Corporation situated in said County of Berkshire, do hereby give, grant,” &c. This deed was duly recorded by the grantee.
*342 Betterments were assessed on one of these lots. Application for abatement was made to the City Council of Pitts-field, and was refused. The plaintiffs paid the betterment assessment and brought this action.
The decision of the Trial Court was as follows:
The plaintiffs were the owners of a tract of land in the northerly part of the City of Pittsfield. The defendant desiring to construct a sewer line approached the plaintiffs and others with the idea of acquiring an easement over their respective properties for this construction. As a result of negotiations, the plaintiffs gave to the defendant a written instrument bearing date December 23, 1935 whereby a right and easement to build and maintain a sewer pipe in, upon and over a strip of land six feet in width belonging to the plaintiffs was granted “in consideration of the abatement of all sewer assessments by the City of Pittsfield.” After the construction of said sewer line, the defendant laid a betterment assessment against the plaintiffs and by reason of their ownership of a piece of property adjoining that over which the easement was granted. This assessment was paid by the plaintiffs. The instant action is brought to recover the amount so paid, with interest thereon.
The defendant introduced the easement grant. It must be held that the employee of the defendant who acted in its behalf in procuring the easement had legal authority so to do and that the defendant is bound by the terms of the instrument which it has accepted by reason of the instrument of conveyance, placing the same of record and acting under the terms thereof.
The defendant claims that the plaintiffs cannot recover on the ground that they are within the provisions of *343 chapter 60, sec. 98. This section in effect provides that no action to recover back a tax shall be maintained except as provided in sections 60 and 85 unless commenced within three months after payment of the tax, nor unless such tax is paid after a written protest. There is no question but what a betterment assessment is a tax. Wheatland v. Boston, 202 Mass. 258.
On the theory that the language in the grant expressing the consideration might be ambiguous, there was testimony by both parties with respect to the negotiations and the conversations between the plaintiffs and the representative of the city, the plaintiffs claiming there was assurance that no betterment assessments would be assessed against any land owned by them adjacent to the sewer line. The agent for the defendant testified that no such assurance was given.
Both the plaintiffs and the defendant seasonably filed requests for rulings. The first three filed by the plaintiffs are given. The fourth is denied for reasons which will hereafter appear. All of the requests filed by the defendant are denied for reasons heretofore stated or which will hereafter appear.
The Court does not find the language of the grant ambiguous, the words “all sewer assessments” must be interpreted to mean exactly what they indicate, namely all assessments growing out of the construction of the particular sewer line involved.
That the contract between the parties is valid may reasonably be inferred from the decision in Boston Water Power Co. v. Boston, 194 Mass. 571, 574. The instant action is clearly governed by the decision in Bartlett v. Boston, 182 Mass. 460.
*344 The finding is for the plaintiffs in the sum of $260.70.”
The defendant presented requests for the following rulings:
“1. Upon all the evidence, a finding should be made for the defendant as matter of law, by reason of the fact that the plaintiffs’ payment to the defendant was not made under written protest.”
“4. No action to recover back the sewer assessment in question lies, unless made after written protest signed by the plaintiffs.
‘ ‘ 5. The payment in question was not made after written protest as required by G. L. (Ter. Ed.) Ch. 60, Sec. 98.”
The Trial Court in refusing the defendant’s requests on these points relied exclusively on Bartlett v. Boston, 182 Mass. 460. We think that that case is not applicable to the case in hand. In Bartlett v. Boston it is said at page 462: “At the trial in the Superior Court the plaintiff relied wholly upon the alleged breach of the agreement contained in the deed of the plaintiff’s testator to the defendant.”
In the present case the declaration is set out at length, and we quote the following from the decision of the Trial Court — “This assessment was paid by the plaintiffs. The instant action is brought to recover the amount so paid.”
The tax of Bartlett v. Boston is not an action to recover a tax after the payment thereof.
In the case in hand the assessment was a tax. Wheatland v. Boston, 202 Mass. 258. The assessment was paid without written protest. The recovery of this payment is therefore barred by G. L. (Ter. Ed.) chapter 60 section 98 which expressly prohibits such recovery.
The statute remedy is exclusive. In Bogigian v. Commissioner of Corporations and Taxation, 256 Mass. 142, at *345 page 147 it is said — “Independent of statute, no recovery against city, town or collector can be had for money paid under protest, in the absence of actual duress of person or goods,” See also Carleton v. Ashburnham, 102 Mass. 348; Knowles v. Boston, 129 Mass 551; and Wheatland v. Boston, 202 Miass. 258.
The remaining questions raised by the defendant need no discussion as what we have said is conclusive of the case.
It was prejudicial error to refuse the defendant’s first, fourth and fifth requests. There must be judgment for the defendant.