JOSEPH W. KIRCHNER & another *vs.* CITY OF PITTSFIELD.

Berkshire.    September 15, 1942. — October 29, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Contract*, What constitutes, Performance and breach, Construction, Validity, Implied, Betterment assessment.    *Deed*, Construction, Validity.    *Taxation*, Of real estate: betterment, invalid tax.    *Pleading, Civil*, Declaration.    *Municipal Corporations*, Sewer, Contracts, Betterment, Acquisition of property.    *Volunteer.    Payment.*

An action against a city, to recover the amount of a sewer assessment paid by the plaintiff without written protest after the assessment had been levied upon his land in breach of a contract between the city and him that his land should be exempt from the assessment, must be treated as an action for such breach, not as an action to recover an assessment wrongly levied, and was not barred under G. L. (Ter. Ed.) c. 60, § 98, by the absence of written protest.

A provision in a deed to a city of an easement for a sewer in one of two adjoining lots owned by the grantor, that the deed was given "in consideration of the abatement of all sewer assessments," meant that both lots should be exempt from sewer assessments.

A promise by a city to a landowner that his land should be exempt from a sewer assessment, made as consideration for his deed to it of an easement for a sewer in the land, was valid and binding on the city.

An action for money had and received was proper for the recovery from a city of the amount of an assessment paid by the plaintiff to the city after the assessment had been wrongly levied upon his land in breach of an agreement between the parties.

A landowner, who, upon receipt of a bill from the collector of taxes, paid a sewer assessment wrongly levied on his land in breach of an agreement between him and the city, was not a volunteer in making the payment so as to be barred from recovering the amount of the assessment in an action against the city for such breach.

A provision in a deed to a city of an easement for a sewer, that it was given "in consideration of the abatement of all sewer assessments," did not mean that the landowner's exclusive remedy for an assessment levied on his land in breach of such provision was the statutory proceeding for an abatement; he might recover the amount of the assessment in an action for such breach.

CONTRACT.    Writ in the District Court of Central Berkshire dated July 18, 1940.

The plaintiffs appealed from an order by the Appellate

Division for the Western District for judgment for the defendant after a finding for the plaintiff by *Hibbard*, J.

*H. W. Kilbourne*, for the plaintiffs.

*J. M. Rosenthal*, City Solicitor, for the defendant.

QUA, J.  The plaintiffs seek to recover from the city the sum of $260.70 under the following circumstances. The plaintiffs executed a deed to the city of the right and easement to build and maintain a sewer on the plaintiffs' land known as "lot A." The deed recited that it was given "in consideration of the abatement of all sewer assessments" by the city. This deed had been prepared and submitted to the plaintiffs by "an agent" of the city, and was delivered to and recorded by the city's department of public works. Thereafter the city built the sewer and made sewer assessments in accordance with the statutes and the city ordinance upon two lots of the plaintiffs, "lot A" and the adjoining "lot 25," but abated the assessment upon lot "A" through which the easement had been granted. Upon receiving a bill for the remaining assessment the plaintiffs insisted that under the terms of the grant the assessment should be abated as to all their land, including "lot 25," but the city refused to abate as to the lot other than the one through which the easement had been granted, "contending that the abatement agreement did not apply to lot 25." Some time later the plaintiffs paid the city without written protest the $260.70, which was the amount of the unabated assessment with interest.

The trial judge found, we think warrantably, that the city accepted the deed and acted under it (*Bartlett* v. *Boston*, 182 Mass. 460, 462), and he therefore ruled that the city became bound by the terms of the deed; that the contract contained in the deed was valid; and that it covered the assessments on both lots. He found for the plaintiffs. The Appellate Division found prejudicial error on the ground that the action was in reality an action to recover back a tax and could not be maintained because of the absence of the "written protest" required by G. L. (Ter. Ed.) c. 60, § 98, relative to the recovery back of taxes paid.

If the action must be treated as merely an action to

recover back an assessment wrongly levied the plaintiffs cannot recover. The sewer assessment must be deemed a "tax" within the meaning of G. L. (Ter. Ed.) c. 60, § 98. *Wheatland* v. *Boston*, 202 Mass. 258, and see G. L. (Ter. Ed.) c. 83, § 28; c. 80, § 4. This is true under the decision in the *Wheatland* case, even if the assessment is wholly illegal. Under the plain terms of § 98 the absence of a written protest precludes recovery in this case solely on a claim that an improper assessment has been levied and collected.

But this action is not to be treated as an action merely for the recovery back of an assessment paid. It should be treated as an action to recover a sum exacted in violation of an express contract on the same ground on which it was held in *Bartlett* v. *Boston*, 182 Mass. 460, that the plaintiff could recover back an amount equal to an assessment for betterments demanded by and paid to the city in violation of a condition of a deed accepted by it that any assessment would "be assumed by the city" and the grantor "saved harmless therefrom." It is true that in the case at bar the language of the deed is not exactly the same as that used in the deed in the *Bartlett* case, but the words in the present deed "in consideration of the abatement of all sewer assessments" must be construed to accomplish the object plainly desired by the parties. They could never have intended that the grantors must go through the form of filing a petition for an abatement the outcome of which should be predetermined by contract. Reasonably construed, the deed meant that as the price paid for the easement all of the plaintiffs' land which would be subject to assessment for the sewer should be exempted from that portion of the total burden which otherwise would fall upon that land. In substance the promise of the city in this case is not different from the promise of the city in the *Bartlett* case that it would assume the assessment and hold the grantor harmless therefrom. Such a promise, if fairly made, does not prevent the levy and collection of ratable assessments upon lands of other owners subject thereto, and in the absence of proof it cannot be assumed that the easement

acquired was not a fair equivalent for the assessment renounced. *Atkinson* v. *City Council of Newton,* 169 Mass. 240, 245–248.

It is expressly provided by G. L. (Ter. Ed.) c. 79, § 39, that where land has been taken by eminent domain the body politic or corporate liable for damages may agree to assume betterments which "have been or are to be assessed." The agreement in the *Bartlett* case was held binding upon the city, and it was held that an action for breach of contract would lie for the amount of an assessment collected in violation of the agreement, although payment had been made without the "written protest" required for the recovery back of taxes paid where no question of breach of express contract was involved. We do not believe that the court intended to overrule this decision by anything said in *Aspinwall* v. *Boston,* 191 Mass. 441, at 446, or in *Whitcomb* v. *Boston,* 192 Mass. 211. See further *Bell* v. *Newton,* 183 Mass. 481; *Boston Water Power Co.* v. *Boston,* 194 Mass. 571. We think that the principle of the *Bartlett* case is applicable here, and that the plaintiffs can recover for breach of contract.

The plaintiffs' declaration is adequate to support recovery for breach of contract. That is the only ground of recovery set forth in the first count. The second count for money had and received was a proper count for the recovery of money wrongfully obtained in breach of contract. *G. E. Lothrop Theatres Co.* v. *Edison Electric Illuminating Co.* 290 Mass. 189, 192, 194, 195.

But the defendant insists that the plaintiffs' payment of the amount of the assessment was purely voluntary, under no fraud, mistake or compulsion, and therefore cannot be recovered back, citing *Rosenfeld* v. *Boston Mutual Life Ins. Co.* 222 Mass. 284, 289, *Carey* v. *Fitzpatrick,* 301 Mass. 525, 527, 528, and *Hinckley* v. *Barnstable,* 311 Mass. 600. The general principle that a voluntary payment cannot be recovered is not doubted, but many years ago it became established in this Commonwealth that payment of an asserted tax ostensibly levied according to law to a collector holding a warrant for the collection of taxes is a payment

upon a sort of compulsion. *Amesbury Woollen & Cotton Manuf. Co.* v. *Amesbury,* 17 Mass. 461. *Preston* v. *Boston,* 12 Pick. 7. *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181, 189, 190. *George* v. *Second School District in Mendon,* 6 Met. 497, 506. *Joyner* v. *School District Number Three in Egremont,* 3 Cush. 567. *Lincoln* v. *Worcester,* 8 Cush. 55, 60. *Loud* v. *Charlestown,* 99 Mass. 208. *Dexter* v. *Boston,* 176 Mass. 247, 252. Compare Am. Law Inst. Restatement: Restitution, § 75. Although somewhat narrow distinctions have been recognized in such cases as *Lee* v. *Templeton,* 13 Gray, 476, *Barrett* v. *Cambridge,* 10 Allen, 48, and *Stoneman* v. *Boston,* 263 Mass. 255, the principle of the cases first cited is still valid and is recognized and its application in actions to recover taxes paid restricted and regulated by G. L. (Ter. Ed.) c. 60, § 98. That principle rests upon the fact that a collector of taxes who has received the assessors' warrant is authorized to enforce directly collection of the tax by sale of property and other forcible methods without the interposition of judicial process upon which the taxpayer can be heard. In the present case the issuance of the assessors' warrant to the collector could be inferred from the receipt by the plaintiffs of a bill from the collector (G. L. [Ter. Ed.] c. 83, § 28; c. 80, § 4), and although the plaintiffs were not "personally liable" for an assessment of this kind (G. L. [Ter. Ed.] c. 80, § 4), nevertheless, if they had not paid, their property would have been sold, and they would have been subjected to additional annoyance and expense. And in determining whether or not the payment was voluntary it is immaterial that this action rests upon breach of contract and is not the ordinary action to recover back an assessment paid. The compulsion inducing the payment is the same in either case.

The city's remaining contention that the plaintiff's exclusive remedy was to pursue the statutory proceedings to obtain an abatement has been answered by what has already been said. The plaintiffs could rest this case "simply and entirely upon the obligation assumed by the defendant by its acceptance of the deed." *Bartlett* v. *Boston,* 182 Mass. 460, 462.

The order of the Appellate Division is reversed, and judgment is to be entered for the plaintiffs on the finding of the trial judge.

*So ordered.*