FREDERICK J. MAHONY *vs.* BOARD OF ASSESSORS OF WATERTOWN & another.

Middlesex.   May 5, 1972. — June 23, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, & HENNESSEY, JJ.

*Taxation*, Real estate tax: exemption.   *Contract*, For tax exemption. *Equity Pleading and Practice*, Case stated, Appeal, Decree.

Upon appeal from the final decree in a suit in equity heard upon a written statement of agreed facts, this court could decide the case unaffected by the rulings of the trial judge.   [211]
Although a recorded deed to a town conveying an easement to use a parcel of vacant land for public parking contained a condition that the parcel should be "exempt from the assessment or collection of municipal taxes thereon, while used for a public . . . parking area" and the selectmen purportedly in behalf of the town executed and recorded a document accepting the easement subject to such condition, it was held that the condition did not have the legal effect of exempting the parcel from assessment or collection of the real estate tax thereon.   [212–216]

BILL IN EQUITY filed in the Superior Court on April 29, 1969.

The suit was heard by *Taveira, J.*

*James F. Sullivan* for the plaintiff.

*Philip F. Grogan* for the defendants.

QUIRICO, J. This is a bill in equity under G. L. c. 231A seeking declaratory and other relief against the board of assessors and the tax collector of the town of Watertown in connection with an easement allegedly granted by the plaintiff to the town. By a written statement of agreed facts the parties submitted the case to a judge of the Superior Court for determination of the validity and effect of a specific provision of the document granting the easement. The judge ruled that the provision was invalid and entered a final decree accordingly. This is the plaintiff's appeal from that decree.

We have everything in the record before us which the trial judge had before him. We therefore decide the questions of law involved in the agreed facts and enter an appropriate final decree unaffected by his rulings. *Pitman* v. *Pitman,* 314 Mass. 465, 475. *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615, 631. *Stamper* v. *Stanwood,* 339 Mass. 549, 551. *Rogers* v. *Attorney Gen.* 347 Mass. 126, 130–131.

We summarize the pertinent agreed facts. The plaintiff owned land with buildings thereon numbered 27 through 43 Main Street, in Watertown. The buildings occupied the front portion of the land, and the rear portion comprising 9,461 square feet was vacant. On October 23, 1959, at a meeting attended by the plaintiff and the town's three selectmen, the chairman of its board of assessors and its town counsel, the plaintiff executed a deed granting the town an easement to use the 9,461 square feet of vacant land "for the sole purpose of establishing and maintaining a public off-street parking area thereon." The deed provided that it was "given and accepted upon the conditional limitations that the easement title interest of the . . . [town] shall continue only

so long as: . . . 4 – The lands herein granted are exempt from the assessment or collection of municipal taxes thereon, while used for a public off-street parking area." On November 30, 1959, the selectmen, purporting to act for the town, executed a document accepting the granted easement subject to all of its terms and conditions, including that quoted above. On December 9, 1959, the deed and acceptance, together with related partial releases by lessees and mortgagees of the premises, were recorded in the registry of deeds.

After the documents were recorded the town took possession of the 9,461 square feet covered by the easement, paved the area with blacktop, painted lines to indicate parking spaces and installed parking meters. As thus improved, the area became a part of a contiguous larger preëxisting parking area owned by the town, and the town has continued to use it in this manner to the present.

Notwithstanding the condition quoted above from the deed, the assessors assessed taxes on the plaintiff's entire land, including the 9,461 square feet covered by the easement, for each of the years from 1960 through 1968, and they have not exempted any part of the property from taxes or abated any of the taxes thereon.[1] Two of the present assessors were in office when the easement was granted, and the third took office later. None of them ever assented to the grant or any condition thereof.

The written statement of agreed facts concludes as follows: "The sole issue presented is whether or not condition #4 of the 'Grant and Release of Easements' has the legal effect of exempting the vacant land granted thereby to the Town for use as a public off-street parking area from assessment or collection of the general property tax."

Limiting ourselves to the sole issue which the statement presents for decision, we hold that condition no. 4 of the

---

[1] On May 5, 1970, we affirmed decisions of the Appellate Tax Board dismissing appeals by the plaintiff from the actions of the assessors in denying his applications for abatement of the taxes on the 9,461 square feet for several years. *Mahony* v. *Assessors of Watertown,* 357 Mass. 776.

"Grant and Release of Easements" does not have the legal effect of exempting the 9,461 square feet of land covered by the purported easement from assessment or collection of the general property tax.

Perhaps it would be sufficient to support our conclusion if we said the purported conveyance of an easement to the town was ineffective because there was no compliance with the requirement of G. L. c. 40, § 14, as appearing in St. 1933, c. 283, § 1, that "no land, easement or right therein shall be taken or purchased under this section unless the taking or purchase thereof has previously been authorized . . . by vote of the town." However, since the parties did not cover this point in their briefs or oral argument, we do not rest our decision on that ground.

Under Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution, the Legislature has "full power and authority . . . to impose and levy proportional and reasonable assessments, rates and taxes, upon all the . . . estates lying within the said Commonwealth." In the exercise of this power, the Legislature has provided by G. L. c. 59, § 2, as appearing in St. 1954, c. 459, § 1, that "[a]ll . . . [real property], situated within the commonwealth, . . . shall be subject to taxation."

This court has held from time to time that the Legislature may, without violating the constitutional requirement for "proportional and reasonable assessments, rates and taxes," grant or authorize the granting of exemptions from certain taxes, including taxes on real estate. For a discussion of how these exemptions may be reconciled with the constitutional language, and for a collection of most of such exemptions, see *Opinion of the Justices*, 324 Mass. 724, 730–733. The Legislature has exercised this power expressly exempting certain categories of real estate from taxation.[2]

---

[2] These exemptions are found principally in the following statutes: G. L. c. 59, § 5, clauses, First through Eleventh, Fourteenth, Sixteenth through Eighteenth, Twenty-second through Twenty-second D, Twenty-sixth, Thirty-seventh, Thirty-eighth, Fortieth through Forty-fourth; G. L. c. 121A, § 10, as amended through St. 1969, c. 540, § 1 (applic-

"While reasonable exemptions based upon various grounds of public policy are permissible, yet taxation is the general rule. . . . A taxpayer is not entitled to an exemption unless he shows that he comes within either the express words or the necessary implication of some statute conferring this privilege upon him." *Animal Rescue League of Boston* v. *Assessors of Bourne*, 310 Mass. 330, 332. "Exemption from taxation is a matter of special favor or grace. It will be recognized only where the property falls clearly and unmistakably within the express words of a legislative command." *Boston Chamber of Commerce* v. *Assessors of Boston*, 315 Mass. 712, 716. *Sylvester* v. *Assessors of Braintree*, 344 Mass. 263, 264–265. *Milton* v. *Ladd*, 348 Mass. 762, 765. *Assessors of Newton* v. *Pickwick Ltd. Inc.* 351 Mass. 621, 623. *Children's Hosp. Medical Center* v. *Assessors of Boston*, 353 Mass. 35, 43.

The plaintiff's 9,461 square feet of land covered by the easement to the town does not fall within any of the statutory tax exemptions. It was properly assessed to the plaintiff as the record owner of the fee as required by G. L. c. 59, § 11, as amended, for all years since 1959. The law did not require or permit it to be assessed otherwise simply because of the recording of the grant of easement. *Hamilton Mfg. Co.* v. *Lowell*, 185 Mass. 114, 118. See *Donovan* v. *Haverhill*, 247 Mass. 69, 71–72.

We do not construe the document signed by the selectmen accepting the easement as an attempt by them to bind the town to a contract to exempt the property. They had no authority to bind the town to such a contract. The document said that the town accepted the instrument and the easements granted therein "for the purpose of the establishment and the maintenance of a public off-street parking area thereon, subject to the terms,

able to urban redevelopment corporations); and G. L. c. 121B, § 16, inserted by St. 1969, c. 751, § 1 (applicable to housing and renewal authorities). See *Opinion of the Justices*, 334 Mass. 760, *Opinion of the Justices*, 341 Mass. 738, *Opinion of the Justices*, 341 Mass. 760, and *Dodge* v. *Prudential Ins. Co. of America*, 343 Mass. 375, 382–385.

conditions, reservations, and exceptions contained in said instrument." One of the conditions was that the land would be "exempt from the assessment or collection of municipal taxes thereon, while used for a public off-street parking area." There then followed a provision that the easement to the town "shall cease and the easement title interests shall automatically revest to the grantor . . . upon the non-fulfillment of any of the foregoing conditional limitations."

The net effect of the documents signed by the plaintiff and the selectmen was that if the town had in some manner exempted the property from taxation it would have been entitled to enjoy the easement so long as the exemption continued, but the town was not obligated to grant the exemption. There is nothing in the record to indicate that the plaintiff has attempted to terminate the town's use of the property because of the non-fulfillment of that condition, and we are not asked to make any decision on the right of the plaintiff to do so.

The documents signed by the parties are materially different from those in the cases of *Bartlett* v. *Boston*, 182 Mass. 460, and *Kirchner* v. *Pittsfield*, 312 Mass. 342, 343, relied on by the plaintiff. In each of those cases the plaintiff granted the municipality an easement for a public improvement for which betterments were to be assessed. See G. L. c. 80. In each case it was found that the municipality agreed with the plaintiff to abate the betterment assessment against him, and this court gave the plaintiffs the benefit of the agreements. In the present case there was no such agreement by the municipality, but the plaintiff protected himself by initially limiting the town's easement to such time as the property enjoyed a tax exemption.

The final decree entered in the Superior Court appropriately identified condition no. 4 in the Grant and Release of Easement and quoted its language and concluded with the statement that the condition "is invalid." By reason of the statement of the parties as to the issue submitted for decision, the words "is invalid" should be

changed to: "does not have the legal effect of exempting the 9,461 square feet of land covered by the easement from assessment or collection of the general property tax thereon." As thus modified the final decree is affirmed with costs of appeal.[3]

*So ordered.*

---

[3] By an interlocutory decree entered on May 6, 1969, the defendant tax collector was enjoined from "preparing and/or issuing any tax bill or attempting to collect any tax" with respect to the land in question. If that decree is still in effect, we take no action thereon since it will not survive the entry of the final decree after rescript. *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 189–190. *Carlson* v. *Lawrence H. Oppenheim Co.* 334 Mass. 462, 465–466. *Morra* v. *City Clerk of New Bedford,* 340 Mass. 240, 244.