STAFFORD SERVICE CORPORATION

V.

STATE CORPORATION COMMISSION

Record No. 790687.

STAFFORD WATER CORPORATION

V.

STATE CORPORATION COMMISSION

Record No. 790688.

November 21, 1979.

Present: All the Justices.

Richard R. Nageotte (Daniel H. Borinsky; Nageotte, Borinsky & Zelnick, on brief), for appellant. (Records Nos. 790687 and 790688).

A. Lynn Ivey, III (Richard D. Rogers, Jr.; Lewis S. Minter, on brief), for appellee (Records Nos. 790687 and 790688).

COCHRAN, J., delivered the opinion of the Court.

Stafford Service Corporation and Stafford Water Corporation (collectively, the Corporations) have appealed the order entered February 5, 1979, by the State Corporation Commission denying their applications for certificates of public convenience and necessity to provide sewerage and water service to a housing development in Stafford County.

On June 15, 1978, the Corporations filed with the Commission applications for approval of contracts for the conveyance to them by Staffordboro Enterprises (Staffordboro), a partnership, of sewerage and water distribution facilities. Thereafter, the Corporations filed their applications for certificates of convenience and necessity, in which they included proposed tariffs showing rates, rules and regulations. The applications were consolidated for public hearing held on January 31, 1979. Thirty-five homeowners in the housing development, represented by counsel, participated in the hearing as protestants, but Stafford County and the Aquia Sanitary District, which had previously intervened as protestants, withdrew their opposition before the hearing was commenced. There is no substantial conflict in the evidence.

Staffordboro initially developed a tract of approximately 400 acres. In conjunction with a corporation which subsequently went into bankruptcy, Staffordboro constructed a townhouse development of 67

units and a mobile trailer park, and also built a sewage disposal plant which the Sanitary District purchased. At time of hearing, the Sanitary District owned that plant, a reservoir and filtration plant, and all other necessary sewage treatment and water facilities used to serve the development except for distribution lines and a water storage tank owned by Staffordboro. The Corporations had been chartered in 1964 for the purpose of supplying sewerage and water services to the development, but they had provided no public utility service since 1970. Sewerage and water service was being provided by the Sanitary District through the Staffordboro distribution lines, but no charges for service were being collected by Staffordboro. Staffordboro had been advised to convey its lines to the Corporations so that the Corporations could apply for certificates of public convenience and necessity enabling them to make appropriate charges for service. The recorded plat of the development showed that easements for the water and sewerage lines had been dedicated to the public use.

B. Calvin Burns, who was one of two partners of Staffordboro, and was also the president and one of three stockholders of the Corporations, testified for the applicants. He conceded that Staffordboro owned only the water and sewerage distribution lines and the water storage tank within the development, and that the Sanitary District supplied service through the Staffordboro lines, but he asserted that if the applications were denied by the Commission, Staffordboro would have no choice but to terminate water and sewerage service by denying the Sanitary District the use of the lines.

N. C. Sharp, County Administrator of Stafford County, testifying as a witness for the Commission, stated that the Sanitary District owned all the necessary sewerage and water facilities except the distribution lines in the subdivision. He conceded that Stafford County was "not prepared financially" at that time to acquire the lines, but he asserted that the County was moving towards ownership of all sewerage and water facilities, and that the Sanitary District was willing to continue service to the development. Efforts to settle the controversy with Staffordboro in respect to service to the subdivision had been unsuccessful.

At the conclusion of Sharp's testimony, the Commission ruled that the applications must be denied under the provisions of Code § 56-265.3* because, in light of the evidence that the Sanitary District was

---

* Code § 56-265.3 provides in pertinent part:

\* \* \*

In such cases involving authority to furnish water or sewerage service, after formal hearing upon such notice to the public as the Commission may prescribe and after ascertaining that (1) there is a public need for the service in the area for which the

willing to provide service, the Commission could not make the necessary findings that no other public or privately owned system was able to provide adequate service. The final order entered February 5, 1979, and the unanimous opinion of the Commission dated June 4, 1979, applied the same rationale. The Commission made the affirmative finding that the Sanitary District was ready and able adequately to provide water and sewerage service within the area proposed for certification. As stated in its opinion, the Commission deemed it in the public interest for the Sanitary District to continue to serve the area, and left to appropriate court action, if necessary, the settlement of disputes pertaining to payment for services rendered by the Sanitary District, whose rate schedules were not subject to the control or supervision of the Commission.

■ There is no disagreement as to the applicable legal principles. On appeal, the findings of the Commission are presumed to be just, reasonable, and correct. The Commission is given broad discretionary authority in determining whether a certificate of public convenience and necessity will be approved. *Bralley-Willet* v. *Holtzman Oil,* 216 Va. 888, 890-91, 223 S.E.2d 892, 895 (1976). Unless the Commission's finding of fact is contrary to the evidence or without evidence to support it, we must accept the finding. *Campbell County* v. *Appalachian Power Company,* 216 Va. 93, 105, 215 S.E.2d 918, 927 (1975).

The principal contention of the Corporations is that the ruling of the Commission is contrary to the evidence because Staffordboro, rather than the Sanitary District, owns the distribution lines within the development. However, everything else required to provide water and sewerage service for the subdivision is owned by the Sanitary District. The water supply, the reservoir, the filtration plant, the water mains, the sewer mains, and the sewage disposal plant are maintained by the Sanitary District. Water and sewerage service has been provided by the Sanitary District, which has given assurances of its willingness to continue these services. Therefore, we hold that there is evidence to support the Commission's finding that the Sanitary District was ready and able adequately to provide these services. It follows from this finding of fact that the Commission's denial of certificates of convenience and necessity was mandated by the provisions of Code § 56-265.3.

---

certificate is sought; (2) no other publicly or privately owned system is able to adequately provide service in the said area . . . the Commission may, if it finds such action in the public interest, issue a certificate of convenience and necessity. . . .

■ There is no merit in the contention of the Corporations that the Commission erred in hearing the applications for certificates of convenience and necessity before hearing the applications for approval of transfer to the Corporations of Staffordboro's sewerage and water distribution facilities. Indeed, in view of the Commission's denial of the certificates of convenience and necessity, and our affirmance of that ruling, the question is moot.

Approval of the contracts for sale of the distribution facilities was sought by the Corporations on the theory that Staffordboro was an affiliated entity of the Corporations. Under Code § 56-77 certain contracts, including those for the purchase or sale of property between a public service company and "any affiliated interest", must be filed with and approved by the Commission. The term "public service company", however, is defined in Code § 56-76 as "every person, firm, corporation . . . other than a municipal corporation, now or hereafter engaged in business . . . as a public utility and subject to regulation as to rates and service by the State Corporation Commission. . . ." An "affiliated interest", within the meaning of the statute, is an entity closely identified, in ownership and control, with a public service company. As the Commission has denied the applications of the Corporations for certificates of convenience and necessity to operate as public utilities subject to Commission regulation and control, Staffordboro is not an "affiliated interest" within the purview of the statute, and the Commission had no jurisdiction over its contracts.

Finding no error in the rulings of the Commission, we will affirm the final order entered on February 5, 1979.

*Affirmed.*