312 S.E.2d 731 (1984)
B. Calvin BURNS, et al., etc.
v.
BOARD OF SUPERVISORS OF STAFFORD COUNTY.
BOARD OF SUPERVISORS OF STAFFORD COUNTY
v.
B. Calvin BURNS, et al., etc.
Record Nos. 810916, 810945.
Supreme Court of Virginia.
January 20, 1984.
*732 Richard R. Nageotte, Woodbridge (Nageotte, Borinsky & Zelnick, Woodbridge, on brief), for Burns.
Stephen A. Northup, Richmond (Ross G. Horton, County Atty., John F. Kay, Jr., Bradfute W. Davenport, Jr., Mays, Valentine, Davenport & Moore, Richmond, on brief), for Bd. of Sup'rs of Stafford County.
Before CARRICO, C.J., and COCHRAN, POFF, COMPTON, STEPHENSON, RUSSELL and THOMAS, JJ.
COCHRAN, Justice.
This consolidated appeal, a sequel to Stafford Corps. v. Corp. Comm., 220 Va. 559, 260 S.E.2d 226 (1979).
On October 11, 1979, the Board of Supervisors of Stafford County (the Board), plaintiff, filed its bill for a declaratory judgment and injunction in the trial court against defendants, B. Calvin Burns and Ethel Johnson, Partners t/a Staffordboro Enterprises, a Partnership, Stafford Water Corporation, Stafford Service Corporation, B. Calvin Burns, and Richard R. Nageotte. The Board sought a declaratory judgment that certain water and sewer lines serving Staffordborough Townehouse Subdivision, Section One (the Subdivision), had been dedicated to public use, that none of the *733 defendants had any right, title, or interest in the lines, and that the Aquia Sanitary District of Stafford County had the right to provide water and sewer service to residents of the Subdivision through the water and sewer lines then serving the Subdivision. The bill further sought an extension of the ex parte injunction entered on October 3, 1979, restraining the defendants from interfering with the use of the lines to provide such service. Without objection Nageotte subsequently was dismissed as a defendant.
At trial, the Board presented in evidence plats of the Subdivision prepared for the Board in 1980 by a qualified surveyor. These plats showed the street designated as Staffordborough Boulevard, Route 684, the location of a water line in that street, and the location of water and sewer lines within and without easements in the Subdivision.
At the conclusion of the presentation of plaintiff's evidence, the defendants moved to strike the evidence. The trial court denied the motion as to the water line in Staffordborough Boulevard, holding that under Code § 15.1-478 dedication of the street gave the County fee simple title to the street, and that all fixtures located in the street belonged to the County. The court ruled that the dedication of the street in fee simple differed from the dedication of easements for stated purposes, and that the County had no right to expropriate personal property located on the easements. Accordingly, the court granted the motion to strike the evidence as to water and sewer lines located outside of roads or streets of the Subdivision.
In the final decree entered March 13, 1981, the trial court restated its previous rulings made upon defendants' motion to strike the plaintiff's evidence. The court ruled that Staffordborough Boulevard had been transferred to the County in fee simple pursuant to Code § 15.1-478 and that the County, therefore, owned the water line in the street. In addition, the court ruled that the water and sewer easements in the Subdivision had been dedicated to public use and the County was the "custodian for the benefit of the public of the right to use said easements." On appeal, B. Calvin Burns and Ethel Johnson, Partners t/a Staffordboro Enterprises, a Partnership (Staffordboro), challenge the rulings that the County owned the water line in the street and was the custodian of the easements dedicated to public use.
In the decree, the court further ruled that the County did not own the water and sewer lines which were not located in Staffordborough Boulevard or in the water and sewer easements shown on the plats of the Subdivision. This ruling, unchallenged by the Board, has become final. The court also ruled that the County did not own the water and sewer lines which were located in the easements but not in Staffordborough Boulevard. To review this ruling, we granted the Board an appeal which we consolidated with that of Staffordboro. Although the injunction previously entered was ordered by the trial court to be dissolved, it has been extended pending disposition of the appeals.
In 1969, Staffordboro's predecessors in title recorded two plats of lots in the Subdivision with deeds of dedication. The "Owner's Dedication" on the plats provided:
We, ... being the owners of the land shown hereon and described in the Surveyor's Certificate, do hereby adopt and consent to this plan of subdivision, we do hereby dedicate the street to public use and public areas for public use, subject to the rights hereby reserved by the dedicators or their assigns, for perpetual right-of-way and easement to construct, erect, put down and maintain gas, electric, telephone, television lines, water pipes and sanitary sewer pipes and all other things appurtenant to the operation of said systems and do hereby dedicate the storm sewer, sanitary sewer and water line easements to public use, all as shown hereon and established hereby.
The plats showed one street designated as Staffordborough Boulevard and various water and sewer easements located in the Subdivision but not in Staffordborough Boulevard. When the plats and deeds of *734 dedication were recorded, Code § 15.1-478 (Repl.Vol.1973), as amended by Chapter 564, 1964 Acts of Assembly, provided in pertinent part:
The recordation of such plat shall operate to transfer, in fee simple, to the respective counties and municipalities in which the land lies such portion of the premises platted as is on such plat set apart for streets, alleys, or other public use and to transfer to such county or municipality any easement indicated on such plat to create a public right of passage over the same; but nothing contained in this article shall affect any right of a subdivider of land heretofore validly reserved.
Code § 15.1-478 has been subsequently amended and reenacted without any change in the above language. Acts 1974, c. 530; Acts 1978, c. 590.
It is uncontroverted that Staffordboro constructed a water line in Staffordborough Boulevard and water and sewer lines in easements located in the Subdivision but not in Staffordborough Boulevard, and it was stipulated that the County had made no claim to such lines before this litigation began. Indeed, we noted in Stafford Corps. that the Aquia Sanitary District had purchased Staffordboro's sewage disposal plant, and that the County Administrator had testified that the Sanitary District owned all necessary facilities to provide water and sewerage service for the Subdivision except the distribution lines in the Subdivision. He further testified that the Sanitary District was not financially ready to acquire those lines. 220 Va. at 561, 260 S.E.2d at 227.
It is apparent that the turbulent relationship between the parties to this litigation is not of recent origin. The record in the present case shows that for some years before October 1, 1979, the Sanitary District had furnished water to Staffordboro through a master meter located at the Subdivision boundary. The County recorded a lien against Staffordboro in 1975 for delinquent water and sewer charges. The Sanitary District recorded a lien against Staffordboro in 1979 for delinquent water and sewer charges for 1977, 1978, and 1979.
Before October 1, 1979, the Subdivision residents received water and sewer service from Staffordboro or from Stafford Water Corporation (Stafford Water) and Stafford Service Corporation (Stafford Service), public service corporations of which Burns was president. These corporations applied unsuccessfully to the State Corporation Commission for certificates of public convenience and necessity. On November 21, 1979, in Stafford Corps., we affirmed the Commission's order denying the applications. On October 1, 1979, Stafford Water and Stafford Service had terminated service to residents of the Subdivision by removing the individual water meters in the Subdivision. Upon request of the residents, the Sanitary District installed its own water meters and began to supply water and sewer service directly to the residents. Pursuant to notice dated October 2, 1979, given to the Board and the Sanitary District, representatives of Staffordboro, Stafford Water, and Stafford Service began to remove the Sanitary District's meters on October 3. On that same date, the County obtained a decree in the trial court authorizing the Sanitary District to continue to furnish service and enjoining interference with that service until ownership of the water and sewer lines could be determined.
Staffordboro concedes that under Code § 15.1-478 recordation of the plats vested fee simple title to Staffordborough Boulevard in the County. Staffordboro argues, however, that the County acquired fee simple title to the street subject to the reservation of rights set forth in the "Owner's Dedication" on the plats.
Undoubtedly, the dedicators sought to reserve to themselves and their assigns a perpetual easement to install and maintain utility lines in the street. Before the major revision enacted as Chapter 407, 1962 Acts of Assembly, dedicators of land for public use as streets could erect and maintain therein water and sewer lines and other utility fixtures. See Code § 15-792 (Repl.Vol.1956). Under the revision (Code § 15-967.15, *735 now Code § 15.1-480), owners of a subdivision may construct in the streets such lines and fixtures only with the approval of plans or specifications by the local governing body or its authorized agent. There is no evidence in the record that any such approval was sought or given in the present case. The statute does not provide for maintenance of the facilities constructed in the streets, and it does not address the question of ownership of such facilities. The unmistakable legislative intent was to give the local governing body preclusive control over its streets.
When the plats were recorded in 1969, there was a subdivision ordinance in effect in Stafford County. Section 22-36 of the County Code provided for dedication to the County of all sewerage improvements in a subdivision where public sewerage was available. Section 22-43, applicable to townhouse subdivisions, of which Staffordboro was one, required that upon completion of all construction the developer present to the Board a plat showing the location of utilities, the center line of all rights-of-way, and the dedication to the County of all improvements, such as utilities. Section 22-37, however, provided that nothing in the chapter would prevent the installation of privately owned facilities "where public water or sewage facilities are not available." The Board argues that public water and sewage facilities were available and that Sections 22-36 and 22-43, to the extent they are relevant to the appeal, support the Board's position that the water and sewer lines are not privately owned but have been dedicated to public use.
The rationale of the trial court's ruling that the County owned the water line in Staffordborough Boulevard was that the line was a fixture annexed to the realty and passed as a part of the realty. Staffordboro contends that the court erred in not giving effect to the reservation of rights appearing on the plats. This reservation of rights, however, must yield to Code § 15.1-478 wherever there is a conflict. The statute protects rights "heretofore validly reserved" by subdividers. By using the word "heretofore" the General Assembly established a terminal point beyond which subdividers could not validly reserve rights in streets and alleys dedicated to public use. The recorded plats did not show the water line in the street and there was no attempted reservation of title to the line.
Staffordboro argues that there was no evidence that the line was a fixture or that it was intended to be permanently affixed to the land. In Transco Corp. v. Prince William Co., 210 Va. 550, 172 S.E.2d 757 (1970), we held that gas mains were realty rather than personal property for purposes of taxation. In discussing the law of fixtures we noted that annexation of the fixture to the realty, adaptation to the use of that portion of the realty to which the property is connected, and, most importantly, the intention of the parties, were the determinative factors. Id. at 555, 172 S.E.2d at 761-62. We relied upon City of Newport News v. Warwick County, 159 Va. 571, 166 S.E. 570 (1932), as controlling. In that case, we held that water lines and other parts of the city's water works system located under streets and within easements in the county, which the city had the right to remove and replace, were fixtures annexed to the land and taxable as land. Id. at 603, 166 S.E. at 581.
It cannot be seriously argued that the dedicators in the present case did not intend that the water line under the street should be permanently affixed to the land. They sought to reserve only the right to install and maintain the line. We conclude that Code § 15.1-478 precluded the dedicators from reserving, by implication, any ownership in this line. Public policy, as expressed in the language of the statute, requires that the local governing body have, to the greatest possible extent, dominion and control over its streets free and clear of the claims of developers. The purpose of Code § 15.1-478 is to require complete dedication of streets in order to enable the local governing body, in the exercise of its police power, to promote the public welfare.
*736 There is no merit in Staffordboro's argument that if the attempted reservation of rights is invalid then the dedication is void. If the reservation is void, the dedication is effective but the reservation is inoperative. See Village of Grosse Point Shores v. Ayres, 254 Mich. 58, 65, 235 N.W. 829, 832 (1931).
Next, Staffordboro contends that the trial court erred in ruling that water and sewer easements in the Subdivision but not within Staffordborough Boulevard passed to the County as custodian for the rights of the public. The Board says that the court's ruling is correct either under the provisions of Code § 15.1-478 or under principles of common-law dedication.
Code § 15.1-478 is inapplicable to water and sewer easements. It applies to "any easement indicated on such plat to create a public right of passage over the same." This language, in the context of the statute, refers to easements of rights-of-way for surface ingress and egress, rather than to easements for subsurface installation and maintenance of public utility facilities. Moreover, if the trial court had based this part of its decision on Code § 15.1-478, it would necessarily have ruled, in accordance with the statutory language, that the water and sewer easements were transferred to the County outright rather than as custodian. There is no authorization in the statute for transfer of easements to the County as custodian.
Dedication of the easements, therefore, is based upon the "Owner's Dedication" on the plats. The developers dedicated the easements to the public use, and the County accepted them for that purpose when the County's officials approved and signed the plats before recordation. They were not, however, dedicated to the County as custodian, and they were not so accepted. Common-law dedication involves the precise right offered, not a different right. See Brown v. Tazewell County Water & Sewage Authority, 226 Va. ___, ___, 306 S.E.2d 889, 892 (1983). There was a common-law dedication to the public use.
Finally, we reject the Board's contention that the court erred in not ruling that the water and sewer lines in the easements were themselves dedicated to the public use. The court's ruling was that the lines were not owned by the County; ownership was not determined. We agree with the court's ruling.
There are compelling reasons, based on public policy, for requiring that the statutory dedication of public streets and alleys transfers fee simple title to the local governing body without reservation of rights in the developers. This is reflected by the 1962 revision (Acts 1962, c. 407), which deleted language appearing in Code § 15-792 (Repl.Vol.1956), that allowed dedicators of streets to erect and maintain utility fixtures in those streets. No such reasons exist as to easements not located in public streets or alleys. The Board concedes that there was no express dedication of the lines either under the language of Code § 15.1-478 or the "Owner's Dedication." But the Board argues that to deny an implied dedication of the lines would frustrate the purposes of the dedications of the water line in Staffordborough Boulevard and water and sewer easements outside that street. The Board says that unless it owns the lines it cannot use the easements. We do not agree.
The easements have been expressly dedicated to public use. Staffordboro concedes that the Board has the right to use the easements for the public benefit, provided that it does not interfere with the lines now in the easements. The Board may, therefore, if it sees fit, act through the Sanitary District to install its own lines in the public easements. In that sense, it may be said that the County acts as custodian of the rights of the public. To conclude, however, that the Board's right to use the public easements by implication transfers title to lines installed by others would distort long-cherished principles of private ownership of property. Moreover, the common-law offer of dedication of the easements as included on the "Owner's Dedication" of the plats, does not mention the *737 lines. The Board may accept only the offer made, which is for the easements; it may not purport to accept the lines, which were never offered to it. See Brown v. Tazewell County Water & Sewerage Authority, 226 Va. ___, ___, 306 S.E.2d 889, 892 (1983). We hold that the trial court did not err in ruling that the County does not own the water and sewer lines in those easements. We further hold that the County may not disturb or use the existing lines unless it acquires the right to do so by purchase or condemnation.
We will affirm the ruling of the trial court that title to the water line in Staffordborough Boulevard was transferred by statutory dedication to the County. While we recognize the rights of the public in the water and sewer easements, we will reverse the ruling that these easements were transferred to the Board as custodian for the public. We will affirm the ruling that the County does not own the water and sewer lines in the easements.
Affirmed in part; reversed in part as to Record No. 810916; affirmed as to Record No. 810945; and final judgment.