## CIRCUIT COURT OF LANCASTER COUNTY

Humphreys

    v.

Arnold et al.

December 1, 1993

BY JUDGE JOSEPH E. SPRUILL, JR.

In this proceeding, the Court is asked to compel the Lancaster County Subdivision Committee to approve a subdivision plan which reserves to the subdivider the fee simple title to the right-of-way which traverses the property. The right-of-way is in fact a "Byrd Act" public road, State Route 675, which has been used by the public for many years. The Virginia Department of Transportation (VDOT) has a 30-foot easement over the roadway for public travel. The underlying fee is owned by the petitioner who seeks to retain it.

The petitioner's request for approval of the plat was denied by the Subdivision Committee because "the recording of the required 50 foot right-of-way over the existing state highway will convey, in fee simple, the ownership of that right of way to Lancaster County." Lands owned by Petitioner on one side of the right-of-way thereby became non-conforming lots. Thus, the proposed reservation by the petitioner was disallowed, and the plat was disapproved.

The question presented here, and the sole issue to be decided, is whether, under these circumstances, the petitioner may reserve a fee simple title to the roadway within the subdivision.

In construing and applying its subdivision ordinance, the County acts in a ministerial capacity. Such actions do not carry a presumption of correctness as is the case when it acts legislatively. Thus, the test is whether the Board correctly applied the provisions of its ordinance and state law in rejecting this subdivision plat.

The subdivision ordinance itself does not require conveyance to the County or the Commonwealth of fee simple title to a roadway within a proposed subdivision. The testimony of two experienced surveyors and the chairman of the Subdivision Committee confirmed this.

The County contends that, as a result of many years of public use, it has acquired fee simple title to the road. Therefore, it argues there is nothing for the petitioner to reserve. However, there has not been a conveyance to the County or the Commonwealth of this property, nor has there been anything to show the title is owned by anyone other than the petitioner. More is required than use to effect a transfer of title. The evidence here establishes that the petitioner is the fee simple owner of the land under the right-of-way in question.

The County also suggests that the recordation of a plat in 1992 effectively dedicated the streets in question to the County. The Court rejects this claim. The 1992 plat was not submitted for approval as required by the subdivision ordinance, nor was it in compliance with various requirements of the Virginia Code. This plat apparently was not intended by the landowner to be a subdivision plat. The 1992 plat is of no consequence in resolving the issue before the Court.

Virginia Code § 15.1–478 provides that the recording of a subdivision plat "shall operate to transfer, in fee simple, to the respective counties . . . such portion of the premises platted as is on such plat set apart for streets . . . and to transfer to such county . . . any easement indicated on such plat to create a public right of passage over the same; but nothing contained in this article shall affect any right of a subdivider of land heretofore validly reserved."

The petitioner argues that the statute expressly provides for the dedication of an easement to create a public right of passage. Citing *Burns v. Stafford County*, 226 Va. 506, 516 (1984), he notes that "easements" within the meaning of § 15.1–478 "refers to easements of rights-of-way for surface ingress and egress."

VDOT, of course, owns the easement over State Route 675, and therefore, petitioner can neither transfer nor dedicate it. What petitioner does have, fee simple title to the land under the easement, he seeks to reserve. "The concept of reservation is opposed to the concept of dedication. To reserve is to retain or keep. To dedicate is to present or surrender." *Hurd v. Watkins*, 238 Va. 643 (1989).

Section 15.1–478 does not provide that title to lands set apart for streets *may* be transferred to the county upon recordation of the plat; it provides that title *shall* be transferred.

This section mandates dedication of those areas set apart on subdivision plats for streets; it provides for the transfer to the county of easements creating a public right of passage; and it allows a subdivider to reserve rights. To interpret this statute to permit a subdivider to reserve that which the statute states *shall* be dedicated for public use would be to render the statute meaningless. Such interpretation would, or could, vitiate the purpose of the act. Moreover, the subdivider here is unable to claim that he is transferring an easement for public passage. As noted, VDOT owns the easement, and the public already has a right of passage.

> Public policy, as expressed in the language of the statute, *requires* that the local governing body have, to the greatest possible extent, dominion and control over its street free and clear of the claims of developers. The purpose of Code § 15.1–478 is to *require* complete dedication of streets in order to enable the local governing body, in the exercise of its police power, to promote the public welfare. *Burns*, 226 Va. at 515. (Emphasis added.)

The plain and unequivocal language of the Virginia Supreme Court opinion in *Burns* is that Code § 15.1–478 *requires* complete dedication of streets within a subdivision.

Petitioner makes the point that neither VDOT nor Lancaster County requires fee simple title for the proposed 50-foot wide easement through the property, of which Route 675 is a part. He further argues that county ownership of fee simple title to the roadways is not a prerequisite for approval of a subdivision plat, nor does the Code require such a provision in the county ordinance. These assertions are all true, but they overlook the central fact that it is the state law, specifically § 15.1–478, which controls on this point. The dispute in these proceedings, simply stated, is how § 15.1–478 should be construed. To adopt petitioner's reasoning would require the Court to disregard entirely the first portion of this statute. The Court does not have that option. The legislature has spoken, and the Court's duty is to give effect to the obvious meaning of the statute.

The reservation in the *Hurd* case is distinguishable from what petitioners seek to reserve here. In *Hurd*, the reserved parcel appears to be the "stub of a street which stops at the property line of the subdivision." *Hurd*, 238 Va. at 647. It was never physically developed as a street. And it was not a part of the roadway system of the subdivision. This reservation was approved by the Supreme Court, but the differences between that case and this case are so apparent as to need no amplification.

Next, the petitioner contends that he has been unconstitutionally denied equal protection of the law in that "numerous subdivision plats" have been approved wherein boundary lines either crossed rights-of-way or Virginia state roads. Petitioner's Exhibit 11 consists of 28 plats of various properties in Lancaster County, each of which he contends establishes that the county has approved what it now rejects. I have reviewed each one of these plats, the most recent of which seems to be dated 1989. While there are many instances in which easements and rights-of-way extend across or along lot lines, none present the situation we face here. This is a unique set of circumstances, unlike any of those contained in Exhibit 11, which may explain its perplexity. There is nothing in this record to suggest that the county has singled out the petitioner for special treatment.

In summary, we find that the Subdivision Committee's actions have been consistent with its ordinance and with the state law. For the foregoing reasons, the petitioner's request for a Writ of Mandamus is denied.

The Court notes further that § 7.1 of the Subdivision Ordinance gives the committee the discretion to vary, modify, or waive the requirements of its ordinance when strict compliance results in substantial hardship. The circumstances here are unique. Petitioner's problems seem not to be self-inflicted. Notwithstanding the fact that the Court's efforts to have the parties find a way to resolve this controversy have been unavailing, there should be some way for these parties to reach a mutual accord. Accordingly, the Court will remand this matter to the Subdivision Committee for a determination of whether a variance, modification, or waiver pursuant to § 7–1 of its ordinance might be warranted.