# CIRCUIT COURT OF FAIRFAX COUNTY

Cavalcade
Homeowners'
Association

v.

John E. Beacom

December 7, 1998

Case No. (Chancery) 153820

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter was tried before this Court on November 12, 1998, on Cavalcade Homeowners Association's ("Cavalcade") Bill of Complaint. At trial, I ruled on all the issues presented, except Cavalcade's request for an injunction precluding Respondent from parking a commercial vehicle on public roads in the Cavalcade subdivision (Count II) and its request for attorney's fees under all counts.

The Declaration of Covenants, Conditions, and Restrictions ("Declaration") recorded on September 15, 1972, established Cavalcade as a homeowners association. The Declaration included the right to amend the Declaration by procedures established in that document. The Declaration related to all of Cavalcade's property, including what would become the lots, streets, and common areas. A subsequent amendment to the Declaration, in accordance with the amendment provision, restricted the parking of commercial vehicles on the property. The commercial vehicle amendment was created on February 1, 1994, and was recorded on March 23, 1994.

Cavalcade recorded a Deed of Dedication on October 13, 1972, over twenty years before the commercial vehicle amendment. The Deed of Dedication accomplished three goals. First, it subdivided the property into lots pursuant to a plat. Second, it "dedicated to the public use the streets and

thoroughfares." One of those streets was Rawlins Drive.[1] Third, it created and dedicated easements.

The question presented is whether the restrictions relating to the publicly dedicated streets enacted by Cavalcade after the Deed of Dedication are valid and enforceable. I hold that they are not.

Virginia Code § 15.2-2265 provides that "[t]he recordation of a plat shall operate to transfer, in fee simple, to the respective localities in which the land lies the portion of the premises platted as is on the plat set apart for streets, alleys, or other public use ... ." The statute further provides that "[n]othing contained in this article shall affect any right of a subdivider of land heretofore validly reserved." *Id.*

The Virginia Supreme Court has precluded dedicators from reserving by implication restrictions in publicly dedicated streets. *Burns v. Stafford County,* 226 Va. 506 (1984).

> Public policy, as expressed in the language of the statute, requires that the local governing body have, to the greatest possible extent, dominion and control over its streets free and clear of the claims of developers. The purpose of Code § 15.1-478 [predecessor to Va. Code § 15.2-2265] is to require complete dedication of the streets in order to enable the local governing body, in the exercise of its police power, to promote the public welfare.

*Id.* at 514.

Cavalcade's recordation of the Deed of Dedication and its accompanying plat transferred in fee simple to Fairfax County the streets dedicated to public use, including Rawlins Drive. Cavalcade claims it "validly reserved" that right to enact future restrictions on those streets by way of amendment to the Declaration.

The Deed of Dedication states that all lots created remain subject to restriction of the Declarations. There was, however, no mention in the Deed of Dedication that the streets remain subject to the restriction. The Deed of Dedication therefore did not expressly "heretofore validly reserve" a restriction as to the streets. (There was, of course, no such restriction in existence at the time of the Deed of Dedication.) The original Declaration reserved the right to amend; however, this was also insufficient to constitute a "heretofore validly reserved" restriction. Indeed, Cavalcade's argument that it can validly reserve the right to add restrictions to publicly dedicated streets by later amendment

---

[1] The Bill of Complaint refers to the street as "Rawlings Road."

also is contrary to *Hurd v. Watkins*, 238 Va. 643 (1989). In *Hurd*, the Supreme Court of Virginia noted that the "heretofore validly reserved" language in the statute "contemplated and permitted reservation of *properties* within subdivision." *Id.* at 650 (emphasis added). That is, the language distinguishes between properties dedicated to the public and properties kept by the developer. It does not contemplate reserving the right to restrict at a later date property which is publicly dedicated. Indeed, "the concept of reservation is opposed to the concept of dedication." *Id.* at 650.

I find that Mr. Beacom's tow truck is a commercial vehicle as that term is used in the Declaration. For the above reasons, I find that the Declaration does not prohibit its being kept on public streets in Cavalcade. Fairfax County accepted the dedication of the streets in the subdivision to public use. Indeed, Fairfax County police have ticketed Mr. Beacom for alleged violations of Fairfax County ordinances for parking his tow truck on Rawlins Drive. Cavalcade relies on an alleged violation of this ordinance in its Bill of Complaint but has no standing to do so.

These rulings do not affect the validity of restrictions relating to thoroughfares named as "streets" and shown on the plat but not dedicated to the public use.

Having prevailed in part on Count I and on Count III, Cavalcade is awarded attorney's fees in the amount of $4,000.00.