## CIRCUIT COURT OF BEDFORD COUNTY

Robert C. Ballagh
and Edith C. Ballagh

    v.

Cofer L. Gray,
Jeanette G. Gray,
and Esther N. Burnette

February 2, 1999

Case No. CH97018281-00

BY JUDGE JAMES W. UPDIKE, JR.

The captioned matter is presently before the court on the report of the commissioner, the exhibits introduced, the commissioner's examination of the property and the records in the clerk's office of this court, the memoranda and oral arguments submitted by counsel, the exceptions filed by the plaintiffs to the commissioner's report, and the defendants' response to plaintiffs' exceptions.

The weight to be accorded a commissioner's report is set forth in the Code of Virginia as follows:

> The report of a commissioner in chancery shall not have the weight given to the verdict of a jury on conflicting evidence, but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence.

Section 8.01-610 of the Code of Virginia of 1950, as amended.

In this same regard, the Supreme Court of Virginia has stated:

While the report of a commissioner in chancery does not carry the weight of a jury's verdict ... it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence .... This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence ... but is not applicable to pure conclusions of law contained in the report.

*Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292 (1984) (citations omitted).

The plaintiffs requested in their amended motion for declaratory judgment an order declaring them owners of "the dominant estate to an easement for ingress and egress over the estate of the defendants and declaring that the defendants' land is servient to the estate of plaintiffs." The defendants admitted that there is a public right-of-way leading from Virginia Secondary Route 703 to plaintiffs' property. Consequently, the issue submitted for determination by the commissioner was the issue of the width of this right-of-way.

When making his determination, the commissioner first interpreted and applied § 33.1-184 of the Code of Virginia, which provides in pertinent part:

When a way has been worked by road officials as a public road and is used by the public as such, proof of these facts shall be prima facie evidence that the same is a public road. And when a way has been regularly or periodically worked by road officials as a public road and used by the public as such continuously for a period of twenty years, proof of these facts shall be conclusive evidence that the same is a public road. In all such cases the center of the general line of passage, conforming to the ancient landmarks where such exist, shall be presumed to be the center of the way and in the absence of proof to the contrary the width shall be presumed to be thirty feet.

Section 33.1-184 of the Code of Virginia.

Though § 33.1-184 provides that any way that qualifies under its provisions as a public road is presumed to be thirty feet in width, the commissioner ruled this presumption to be a rebuttable presumption. Specifically, the commissioner ruled:

The provision cited above that "absent proof to the contrary" means the presumption provided in the statute is rebuttable. The commissioner's view taken of the roadway clearly indicated that the

roadway, as used, did not exceed sixteen feet in width. There was no evidence presented by either plaintiffs or defendants as to the use of the roadway which dictates a width greater than sixteen feet. The roadway was bordered by old fences, brush and small trees, as well as stumps and other indicators, establishing that the use of the roadway was no greater than sixteen feet. Therefore, your commissioner finds that under § 33.1-184 of the Code of Virginia, 1950, as amended, the defendants have rebutted the presumption that the roadway was any greater than sixteen feet in width for its length.

(Com. Rep. pp. 2, 3.)

Upon my review of § 33.1-184, the exhibits that were introduced, and the cases cited by counsel, it is my opinion that the commissioner correctly interpreted and applied § 33.1-184, and that his finding of a sixteen foot right-of-way is supported by the evidence.

The commissioner then interpreted and applied § 15.2-2265 of the Code of Virginia (formerly § 15.1-478), which provides in pertinent part:

The recordation of a plat shall operate to transfer, in fee simple, to the respective localities in which the land lies the portion of the premises platted as is on the plat set apart for streets, alleys, or other public use and to transfer to the locality any easement indicated on the plat to create a public right of passage over the land.

Section 15.2-2265 of the Code of Virginia.

Section 15.2-2265 further provides in pertinent part: "Nothing contained in this article shall affect any right of a subdivider of land heretofore validly reserved." The commissioner interpreted this language of reservation to allow a person when recording a plat to reserve a parcel from statutory dedication to the public. The commissioner then concluded: "In the instant case, the persons recording the plats clearly indicate on the face of the said plats that it is not their intent to convey any public roadway to the county." (Com. Rep. p. 3.)

The plaintiffs except to this ruling of the commissioner and cite as authority *Burns v. Board of Supervisors*, 226 Va. 506, 312 S.E.2d 731 (1984). Plaintiffs interpret *Burns* to mean that § 15.2-2265 "would have and take precedence over any reservation of rights appearing on the plat." (Def's. Memo., p. 2.)

I disagree with plaintiffs' interpretation of *Burns*. Instead, I agree with the commissioner that the effect of *Burns* is to nullify an attempted reservation of

ownership in utility lines within a dedicated street. The Supreme Court specifically stated in this regard:

> We conclude that Code § 15.1-478 precluded the dedicators from reserving, by implication, any ownership in this line. Public policy, as expressed in the language of the statute, requires that the local governing body have, to the greatest possible extent, dominion and control over its streets free and clear of the claims of developers. The purpose of Code § 15.1-478 is to require *complete dedication* of streets in order to enable the local governing body, in the exercise of its police power, to promote the public welfare.

226 Va. at 515 (emphasis added).

I therefore do not interpret *Burns* as precluding reservation of private rights when recording a plat. Rather, *Burns*, in my opinion, precludes partial reservation of private rights within a dedicated right-of-way. If there is statutory dedication of an easement to the public pursuant to § 15.2-2265, then such dedication is complete. If there is effective reservation of the way as a private easement, there is no statutory dedication of that easement to the public. Essentially, as to the recordation of a plat, an easement is either statutorily dedicated to the public, or it is reserved to the property owner as a private right-of-way, but not both.

I find further support for this position in *Hurd v. Watkins*, 238 Va. 643, 385 S.E.2d 878 (1989). In that case, Watkins argued that the reservation language in § 15.1-478 only applies to reservations made before enactment of the statute. In response, the Supreme Court ruled:

> The Watkins' argument makes very little sense. First, the provision does not say that it applies only to reservation made prior to the enactment of the statutory provision. Second, similar language remains in the Code today almost twenty-five years after the Holloway Forest Subdivision plat was recorded, which suggests that the reservation language is meant to have continued vitality. See Code § 15.1-478 (Acts 1978 c. 590). *The correct reading of the provision is that reservations of property made prior to submitting the plat and invoking the statute are not prohibited.*

238 Va. at 650 (emphasis added).

It should also be noted that § 15.1-478 was reenacted as § 15.2-2265 without change in its language. I therefore conclude that the commissioner

correctly interpreted the reservation language in § 15.2-2265 as permitting reservations of parcels within subdivisions.

I will now address the issue of whether the commissioner's findings, upon his application of § 15.2-2265, are supported by the evidence. The commissioner indicated in his report that his findings were based upon the evidence produced before him and "the disclosures which were forthcoming from an examination of the records in the Bedford County Clerk's Office." (Com. Rep. p. 1.) Upon my review of the exhibits introduced, I was concerned that some of the plats that were introduced as exhibits appeared incomplete. For example, Plaintiffs' Exhibit 1 is only a partial copy of a plat, and information stated on the right side of the plat was deleted during the copying process.

Before I can determine the effect of recording certain plats in accordance with § 15.2-2265, I must know exactly what was recorded. I therefore requested the clerk of this court to produce complete and accurate copies of the plats that were introduced in evidence. These copies will remain in the file of this case should counsel wish to review them. Though it is my understanding that I have the authority to call for additional evidence at this point in the proceedings, it is not my intent, by requesting complete and accurate copies of the plats introduced, to obtain additional evidence but to clarify and to ensure the accuracy of evidence already introduced.

Plaintiff's Exhibit 1 is a copy of a plat recorded in Plat Book 30 at page 391 and is a plat of a survey of property conveyed by Edith Smith to Clyde W. Bondurant and Mary H. Bondurant by deed dated April 7, 1994, and recorded in Deed Book 955 at page 783. This plat displays on its face the following notice: "The existing right-of-way shown hereon is private and not intended for general public use but shall provide free and unobstructed access to each and every lot owner and their invitees." In my opinion, this notice qualifies as an effective reservation of the easement as a private easement, and as a consequence of the reservation language in § 15.2-2265, no statutory dedication of the easement to the public occurred when this plat was recorded in the clerk's office of this court.

Plaintiff's Exhibit 3 is a copy of a deed, dated April 24, 1980, by which Raymond Burnette and Mary Emma Burnette conveyed certain property to Frank L. Burnette. This deed is recorded in Deed Book 502 at page 509, and attached to this deed is a plat of the property conveyed.

Plaintiffs' Exhibit 4 is a copy of a deed, dated June 6, 1991, conveying certain property from Frank L. Burnette and Esther N. Burnette to Cofer L. Gray and Jeannette G. Gray. This deed is recorded in Deed Book 816 at page 525, and a plat of the property conveyed is recorded in Plat Book 28 at page

75. (Plaintiffs' Exhibit 5.) Moreover, the property conveyed to Cofer L. Gray and Jeannette G. Gray by the deed introduced as Plaintiffs' Exhibit 4, and shown on the plat introduced as Plaintiffs' Exhibit 5, is a subdivision of a portion of the property originally conveyed to Frank Burnette by the deed and attached plat introduced as Plaintiffs' Exhibit 3.

Both of these plats show the easement which is the subject of this case, and on each of these plats, the easement is designated as an *existing* right-of-way. On Plaintiff's Exhibit 3, the plat of the land conveyed by Raymond Burnette to Frank Burnette, the existing right-of-way is designated as twenty-six feet. On Plaintiffs' Exhibit 5, the plat of the land conveyed from Frank Burnette to Cofer L. and Jeannette G. Gray, this existing right-of-way is apparently designated as having a width of twenty-five feet. Upon my examination of these plats, I did not see any express language of reservation, though on Plaintiffs' Exhibit 5, the plat of the land conveyed from Frank Burnette to Cofer L. and Jeannette G. Gray, the following note is indicated: "The streets and roads in this subdivision are not publicly maintained and will not qualify for public maintenance until all applicable requirements of Bedford County and the Virginia Department of Highways have been met."

In their exceptions, the plaintiffs note a specific exception regarding these indications on the plats and the commissioner's determination of the width of the easement. I admit that a reasonable argument has been made in support of plaintiffs' position. However, in my opinion, there are reasonable interpretations of the evidence other than the interpretation argued by plaintiffs. For example, the indications on the plats as to the width of the existing right-of-way appear to be indications of the entire width of the easement. If the center of the easement is deemed to be the boundary between the adjoining properties, then half of the easement is on property owned by certain individuals, and the other half is on property owned by other individuals. Moreover, if the center of the road, as established by extended, continuous use in accordance with § 33.1-184, varies from the boundary of the adjoining properties, then the portion of the easement on each property will also vary. Finally, if all of the existing easement, as shown on Plaintiffs' Exhibit 3 and Plaintiffs' Exhibit 5, is situated entirely on property owned by the persons who recorded the plats, then a different result may obtain.

Nevertheless, it is axiomatic that a property owner can convey, whether by deed, dedication, or any other form of conveyance, only that property that he actually owns, and obviously, a person cannot convey property owned by someone else. Consequently, § 15.2-2265 cannot be interpreted as effecting public dedication of property not owned by the person recording the plat.

18

I also believe that § 15.2-2265 is most usually implemented in instances in which the entire property shown on the plat is owned and is being subdivided by the same person or persons. In those instances, any easement that is shown on the plat and that is entirely on the property being subdivided is dedicated to the public by operation of § 15.2-2265 upon recordation of the plat unless an effective reservation is indicated. In the case at hand, a public road has existed for numerous years as the result of operation of § 33.1-184. The appropriateness of utilizing § 15.2-2265 at this point in time to determine the width of a public road that crosses adjoining properties, owned by different individuals and not presently being subdivided, is not readily apparent, and is questionable at best.

At any rate, I have already ruled that the commissioner correctly interpreted and applied the law, including § 15.2-2265. As to his findings of fact, I note that the commissioner heard the evidence in this case, actually viewed the road in question, and considered both documents introduced and those recorded in the clerk's office of this court. As required by *Hill v. Hill, supra*, the trial court should sustain the report of the commissioner "unless the trial court concludes that the commissioner's findings are not supported by the evidence." 227 Va. at 576-77. In my opinion, the commissioner's findings are supported by the evidence.

I therefore deny plaintiffs' exceptions to the commissioner's report, and I confirm the commissioner's report in all respects.