PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Ortiz and Senior Judge Clements
Argued at Front Royal, Virginia

PRASAD SALUNKHE, ET AL.

v.          Record No. 1195-22-4

CHRISTOPHER CUSTOMS, LLC, ET AL.

OPINION BY
JUDGE CLIFFORD L. ATHEY, JR.
AUGUST 22, 2023

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Tania M.L. Saylor, Judge

J. Chapman Petersen (Won Y. Uh; Chap Petersen & Associates,
PLC, on brief), for appellants.

F. Douglas Ross (Matthew B. Kapuscinski; Odin, Feldman &
Pittleman, PC, on brief), for appellees.


Prasad Salunkhe and Haritha Gajjela ("appellants") assign error to an order of the Circuit

Court of Fairfax County ("circuit court") granting partial summary judgment to Christopher

Customs, LLC ("Christopher Customs") and Andrew and Amy Viccora (the "Viccoras")

(collectively "appellees").  Specifically, appellants contend the circuit court erred by

misinterpreting Code § 15.2-2265 and holding that an approved and recorded subdivision plat

failed to establish an easement for the benefit of the public.

I. BACKGROUND

The material facts of this case are not in dispute.  The parties are owners of subdivided

lots within the Brentwood residential development located in Fairfax County.  These subdivided

lots within Brentwood were created by a deed of dedication (the "deed") dated October 15, 1975,

and recorded among the land records of Fairfax County.  A subdivision plat for Brentwood (the

"subdivision plat") was referenced in and recorded along with the deed.  Appellants own an

improved lot ("Lot 29") within Brentwood at 11938 Appling Valley Road. Christopher Customs also owns an improved lot ("Lot 28") within the residential development at 11936 Appling Valley Road. In addition, the Viccoras own an improved lot ("Lot 30") located within the subdivision at 11940 Appling Valley Road. The subdivision plat includes a notation on Lot 28 which refers to a "24' Ingress-Egress Esm't." The subdivision plat also includes a notation for a "35' Rad. Turnaround Esm't" which is shown on Lots 28, 29, and 30.

Both Lots 28 and 29 include 12-foot adjacent strips of land ("pipestems") which intersect with Appling Valley Road thereby giving both lots direct access to Appling Valley Road. The pipestems, together totaling 24 feet in width, are partially paved.[1] By agreement dated November 1, 1976, the then-owners of Lots 28, 29, and 30 mutually agreed to permit each other (and their guests) to utilize the *paved* portion of the pipestems to access the public road.[2] Appellants believed that, based on their interpretation of the notations on the subdivision plat, they were entitled to make "improvements" and thus pave the combined 24-foot pipestem to Appling Valley Road as well as the 35-foot turnaround area shown on the subdivision plat. Appellees objected to appellants' interpretation of the subdivision plat and opposed any improvements beyond the existing paved portion of the pipestems.

Appellants subsequently filed a complaint in the circuit court seeking a judgment declaring that the deed and subdivision plat created a "24' Ingress-Egress Easement" over the combined pipestems as well as a "35' Turnaround Easement" as indicated on the subdivision plat. Appellants subsequently amended their original complaint and sought to enjoin Christopher

---

[1] The "24' Ingress-Egress Esm't." notation on Lot 28 has an arrow leading from the notation to the pipestems.

[2] Lot 27 is also adjacent to the paved pipestems and directly across from Lot 30 on the subdivision plat. This opinion does not address any of Lot 27's rights related to ingress and/or egress over the paved pipestems as its owner is not a party to this appeal.

Customs from demolishing a portion of the alleged 35' turnaround easement. Appellants further alleged in their amended complaint that the location of the Viccoras' fence encroached on the alleged 24' ingress-egress easement.

Appellants then filed a motion for partial summary judgment contending that, pursuant to Code § 15.2-2265, the recordation of the subdivision plat created a public easement over the 24' ingress-egress easement and 35' turnaround easement. In response, appellees filed a cross-motion for partial summary judgment contending that recordation of the subdivision plat by itself failed to create a public easement pursuant to Code § 15.2-2265 because the subdivision plat did "not indicate that the claimed easements [were] for public usage" and that appellants' amended complaint even demonstrated "that the purported easements . . . were not for public use." Following a hearing on the motions, the circuit court entered summary judgment in favor of appellees holding that Code § 15.2-2265 "does not operate to create public easements; it merely effectuates the transfers of easements which are identified on the plat as being created for public use." The circuit court further held that "none of the easements labeled for 'ingress-egress' are 'indicated on the plat to create a public right of passage over the land.'" Appellants subsequently nonsuited their remaining claims and appealed the circuit court's judgment.[3]

---

[3] Although appellants' amended complaint contained a variety of other claims, we are only tasked with considering whether the 24' ingress-egress easement and 35' turnaround easement notated on the subdivision plat are public easements. Since appellants' other claims were nonsuited in the circuit court below, we shall not consider whether any private easements, rights of way, or licenses (if any) exist and/or were created through recordation of the subdivision plat.

## II. ANALYSIS

### A. *Standard of Review*

"In an appeal from a circuit court's decision to grant or deny summary judgment, we review the application of the law to undisputed facts de novo." *Stahl v. Stitt*, 301 Va. 1, 8 (2022). "Furthermore, we review questions of statutory interpretation de novo." *Id.*

### B. *The circuit court correctly concluded that Code § 15.2-2265 requires approved plats to explicitly indicate when easements are for public right of passage.*

Appellants contend that, pursuant to Code § 15.2-2265, an approved subdivision plat that includes a notation indicating the existence of an ingress/egress easement over land establishes a public easement upon recordation. We disagree.

In relevant part, Code § 15.2-2265 states,

> *The recordation of an approved plat shall operate* to transfer, in fee simple, to the respective localities in which the land lies the portion of the premises platted as is on the plat set apart for streets, alleys or other public use and *to transfer to the locality any easement indicated on the plat to create a public right of passage over the land.*

(Emphases added). Thus, two transfers automatically occur when a developer records an approved plat within a given locality. *See* Code § 15.2-2256. A locality acquires (1) "the premises . . . set apart for streets, alleys or other public use" and (2) "any easement indicated on the plat to create a public right of passage over the land."[4] *Id.* Since appellants do not rely upon the first type of transfer in their appeal, our analysis specifically focuses on the second type and its requirements. Thus, we consider the narrow issue of what notation, if any, is required on an approved plat to sufficiently "indicate" that an easement is intended for public right of passage.

---

[4] Notably, "no statutory dedication occurs unless the requirements of the applicable statutes and ordinances have been complied with." *Brown v. Tazewell Cnty. Water & Sewerage Auth.*, 226 Va. 125, 131 (1983). And, although a completed dedication imposes on the public potential tort liability, it does not automatically impose "the burden of maintenance, which is relieved by [Code § 15.2-2268]." *Id.* at 130.

- 4 -

Here, appellants contend that because notations exist on the subdivision plat referencing an "Ingress-Egress Esm't." and a "Turnaround Esm't.," two public easements were created and, by operation of the statute, transferred to Fairfax County when the subdivision plat was recorded. However, if simply noting the existence of an ingress/egress easement on an approved subdivision plat created a public easement, *all* easements so reflected would immediately become public easements and be transferred to the locality upon recordation.

Appellants' interpretation is not supported by the plain meaning of the statute's text and wrongly sets forth an implicit presumption in favor of public easements. *See Dunbar Grp., LLC v. Tignor*, 267 Va. 361, 367 (2004) ("Because this statutory language is plain and unambiguous, we apply the plain meaning of that language."); Michael V. Hernandez, *Restating Implied, Prescriptive, and Statutory Easements*, 40 Real Prop. Prob. & Tr. J. 75, 77 (2005) ("[V]irtually all easement disputes solely implicate private interests."). Appellants' contention would be more plausible if Code § 15.2-2265 stated that "the recordation of an approved plat shall operate to transfer to the locality *any* easement indicated on the plat." However, Code § 15.2-2265 goes further by mandating that, to create a public easement, the plat must indicate its intent "to create a public right of passage over the land," and we must give meaning to those additional words. *Street v. Commonwealth*, 75 Va. App. 298, 306 (2022) ("The examining court must 'assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute.'" (alteration in original) (quoting *Chenevert v. Commonwealth*, 72 Va. App. 47, 57 (2020))).

Further, Virginia case law does not support appellants' position. Dedicating an easement to the public is "not complete until accepted by competent public authority." *Brown v. Tazewell Cnty. Water & Sewerage Auth.*, 226 Va. 125, 130 (1983). And localities "may accept only the offer made" via the owner's dedication on the plat. *Burns v. Bd. of Sup'rs of Stafford Cnty.*, 226 Va. 506, 516 (1984). Here, nothing on the subdivision plat signaled to the locality that it was

being offered a public easement. So, although Fairfax County approved the subdivision plat, it could only approve what was offered, and neither the plat, nor the deed, indicated that the owner was attempting to dedicate an easement for public right of passage.

Accordingly, only by indicating with an explicit notation on the plat reflecting that it is for a public purpose can a public easement be transferred pursuant to Code § 15.2-2265. Although the statute does not list any particular "magic" words that must be on the subdivision plat, the plat must contain *some* indication that the easement creates a public right of way. To hold otherwise would be to ignore the legislature's admonition that the approved plat must indicate that the easement is for public right of passage. It is not necessary to determine what sort of indication would suffice, since here there was none. Thus, we conclude that the circuit court did not err in interpreting Code § 15.2-2265 to require explicit language reflecting that the easement is for the public.

C. *The circuit court correctly held that the easements referenced on the subdivision plat were not for public right of passage.*

Based on their reading of Code § 15.2-2265, appellants contend that the 24' ingress-egress easement and 35' turnaround easement are public rights of way. Having rejected that reading, and finding no other evidence to support their position, we disagree.

Since we find that the circuit court's interpretation of Code § 15.2-2265 was not in error, we also agree with the circuit court's application of the plain meaning of the statute to the facts here. Hence, we hold that merely noting the existence of an ingress/egress easement on an approved and subsequently recorded subdivision plat is not sufficient to create or transfer an easement for public right of passage. Here, the subdivision plat only noted the existence of a "24' Ingress-Egress Esm't." and a "35' Rad. Turnaround Esm't." There was no indication on the subdivision plat reflecting that the easements were for public right of passage. In fact, appellants offered no other evidence that the easements were for public right of passage except for the fact

that the subdivision plat noted the existence of the easements.  Furthermore, in other areas, the subdivision plat expressly indicates when land is intended to create a public right of passage over such land, thereby creating a negative inference that the 24' ingress-egress easement and 35' turnaround easement were not so intended.  *See, e.g.*, R. 277-78 (stating that "Parcel F" is "hereby dedicated to the Board of Supervisors . . ."); R. 276 (stating that a "temporary turnaround easement" is "hereby dedicated . . . ").

Hence, without the recorded subdivision plat indicating that the referenced easements were intended for the public, no public easements over the pipestems were either approved or transferred pursuant to Code § 15.2-2265.  The circuit court correctly recognized that the approved subdivision plat failed to include *any* notation reflecting that the easements referenced therein were created for public right of passage.  Therefore, we find that the circuit court did not err by holding that, pursuant to Code § 15.2-2265, merely noting the existence of easements on an approved and subsequently recorded plat was insufficient to establish and transfer easements to the locality.

## III. Conclusion

For these reasons, we affirm the judgment of the circuit court.

*Affirmed.*